RECEIVED
BY MAIL

JUN 1 3 2008

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

JEFFREY THOMAS,
      Petitioner,

vs.                                  Docket No.: 4:08CV0599CEJ

UNITED STATES OF AMERICA
      Respondent.

_____/

## PETITIONER'S RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS THE TITLE 28 U.S.C. SECTION 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

COMES NOW Petitioner Jeffrey Thomas with this his Reply to the government's Motion to Dismiss and in support provides as follows:

The government takes the position that Petitioner's Title 28 U.S.C. § 2255 filed on April 21, 2008 is untimely, since the Writ of Certiorari was denied on January 8, 2007 and (according to the government) no request for staying the final decision on the Writ of Certiorari was filed before the Court. The government's position is misplaced and their request for an extension of time to address Petitioner's allegations in the Title 28 U.S.C. § 2255 should be granted.

As a threshold matter, Petitioner's Title 28 U.S.C. § 2255 was considered timely filed on January 3, 2008 when he submitted the original

pleading along with an incorporated motion requesting an additional 120 day extension of time in order to file additional issues and to supplement the original pleading. (See Attached Appendix A) Ironically, the request was appropriate since it was not until January 7, 2008 that Petitioner received a letter from his prior counsel releasing the case file, thus the additional extension of time of 120 days to supplement the Title 28 U.S.C. § 2255 was evident. (See Attached Appendix B) In fact, in preparation of the Title 28 U.S.C. § 2255 petition, this Court denied on February 28, 2008 a request for additional documentation from his case. (See Attached Appendix C)

Therefore, as per the documentation presented herein along with the Sworn Affidavit attached hereto, this Court must agree that the Title 28 U.S.C. § 2255 was timely filed on January 3, 2008, the date that the same was provided to prison authorities for mailing. (See Appendix D) See, *Houston v. Lack*, 487 U.S. 266 (1988) and *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999)(Clarifying that under the "mailbox rule" prisoner's Motion to Vacate, Set Aside or Correct Sentence was filed on the date that he signed, executed and delivered his petition to prison authorities for mailing. *Id.* Adams at 1340   Accordingly, at a minimum

2

Petitioner's pleadings were timely filed on the date that the same were provided to prison authorities for mailing.

Assuming *arguendo* that the Court disregards the inmate filing deadlines as per the Supreme Court's decision in *Houston v. Lack*, 487 U.S. 266 (1988), then the Title 28 U.S.C. § 2255 is timely since the Supreme Court Justice Alito granted the stay of the final judgment of the Writ of Certiorari on the date the Court granted the extension of time to file a timely rehearing on the Writ of Certiorari denial.

If the Court denies the original explanation, then the conviction became final on April 23, 2007 when the Supreme Court denied the Petition for Rehearing on the denial of the Writ of Certiorari, after granting the stay on the final disposition on the denial of the Writ of Certiorari as well.[1]

The government wishes this Court to take the position that since the Writ of Certiorari was denied on January 8, 2007, that the timely requirements for filing as per the Anti-Terrorism Ineffective Death Penalty Act of 1996 would cause his pleadings to be untimely filed if not filed prior to January 8, 2008.[2] Relying on Supreme Court Rule 16.3, and *United*

---

[1] The government correctly acknowledges that pursuant to the "mailbox rule" Petitioner's pleadings were timely filed on the date that he provided the same to prison authorities for mailing to the clerk's office.

[2] The government erroneously quotes in their brief that Petitioner's *conviction* became final on January 8, 2008 however it is assumed that this is a typographical error since they argued that the pleadings filed on April 21, 2008 are in deemed untimely. Once again, this is under the position that the original filing deadline was not met although timely filed via prison authorities.

*States v. Macintosh,* 332 F.3d 550, 551 (8th Cir. 2003) the government takes the position that a timely filing petition for rehearing on the denial of the Writ of Certiorari does not toll the one year limitations under Title 28 U.S.C. § 2255. The government has failed to research that a timely request to stay the final order pending the filing of a timely Petition for Rehearing was actually granted by Justice Alito.

On February 7, 2007, Petitioner filed a Motion for an Extension of Time within which to file a Petition for Rehearing on the denial of the Writ of Certiorari. Justice Alito on the same date extended the time up to and including February 16, 2007 to file the Petition for Rehearing. (See Appendix E) On February 15, 2007, Petitioner filed a Renewed Motion for Extension of Time within which to file a petition for rehearing on the denial of the Writ of Certiorari along with a motion to stay the Writ of Certiorari pending disposition of the Supreme Court's decision of *Rita* and *Clairborne* which were pending at the Supreme Court at the time. (See Appendix F)

On February 28, 2008 the clerk's office returned Petitioner's motion for extension of time on the Motion for Rehearing and Motion to Stay for Final Disposition on the Writ of Certiorari under the position that the extension of time was granted through February 16, 2007 and that the most recent application was therefore untimely. The clerk instructed Petitioner to file an

4

application requesting an extension of the time to file a rehearing after the time had expired. (See Appendix G)

Finally, on March 28, 2007, Justice Alito granted *nunc pro tunc* up to February 27, 2007 Petitioner's further extension of time in which to file the petition for rehearing along with the motion to stay the Writ of Certiorari pending disposition of *Rita* and *Clairborne.* (See Appendix H) Finally, on April 23, 2007 the Supreme Court denied Petitioner's request for rehearing on the denial of the Writ of Certiorari.

Accordingly, since Justice Alito granted the motion for extension of time to file a Petition for Rehearing and in conjunction granted the Motion to Stay the Writ of Certiorari on March 28, 2007 the tolling of time for the filing of the Title 28 U.S.C. § 2255 did not begin until April 23, 2007, the day that the Motion for Rehearing was denied. Therefore, as per the government's concession that Petitioner's supplemental pleadings are timely filed on the day that it was placed in the prison mailbox on [April 21, 2008] the pleadings are deemed timely filed before this Court.[3]

Therefore, Petitioner respectfully prays that due to the sequence of events of his case, that Petitioner's Title 28 U.S.C. § 2255 was in essence

---

[3] This is a supporting argument that is presented under the position that the Court refuses to consider the original pleading as timely filed.

5

timely filed and the government should be allowed to proceed on a proper

response to the same.

Done this ____ day of June 2008

> I hereby do certify that pursuant to
> Penalty of Perjury Title 28 U.S.C. §
> 1746 that on this _____ day of June 2008
> I signed and mailed this document via
> the Federal Bureau of Prisons' Legal
> Mail System.
>
> Respectfully submitted,
>
> Jeffrey Thomas
> Register No.: 30695-044
> Federal Medical Center – Bluegrass
> P.O. Box 14500
> Lexington, Kentucky 40512

6

## CERTIFICATE OF SERVICE

I HERBY DO CERTIFY that a true and correct copy of this Reply to the

Government's Motion to Dismiss was mailed to: A. U. S. A. John

Bodenhausen, 111 South 10th Street, Room 20.333, St. Louis, MO 63102,

by placing the same in the Federal Prison's Legal Mail Box, with sufficient

First Class Postage.

Done this __6__, day of June 2008

> I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this __6__ day of June 2008 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

> Respectfully submitted,

> Jeffrey Thomas
> Register No.: 30695-044
> Federal Medical Center – Bluegrass
> P.O. Box 14500
> Lexington, Kentucky 40512

7

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | | |
|---|---|---|
| Name (under which you were convicted):<br>JEFFREY THOMAS | | |
| Place of Confinement:<br>FMC- LEXINGTON | | Prisoner No.:<br>30695-044 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) |
| v. JEFFREY THOMAS | | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court-Eastern District of Missouri

   (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): August 12, 2005

   (b) Date of sentencing: August 12, 2005

3. Length of sentence: 172 Months

4. Nature of crime (all counts): Mail Fraud 18 U.S.C. §1341, Wire Fraud
   18 U.S.C.§1343, Money Laundering 18 U.S.C.§1957, Bank Fraud
   18 U.S.C.§1344, and Aiding & Abetting 18 U.S.C. §.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒       (2) Guilty ☐       (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)       Jury ☒       Judge only ☐



Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☒   No ☐

8.  Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9.  If you did appeal, answer the following:

(a) Name of court: U.S. Court of Appeals for the Eight Circuit

(b) Docket or case number (if you know): 05-3264

(c) Result: Conviction Affirmed

(d) Date of result (if you know): June 28, 2006

(e) Citation to the case (if you know): _____

(f) Grounds raised: misapplication of money laundering Statue- 18
U.S.C. §1957; violation of Fourth Amendment Due to Warrant-
less search and seizure of mail/personal property; insuffic-
iency of evidence relative to bank fraud conviction.

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: Denied January, 08, 2007

_____

(3) Date of result (if you know): Rehearing Denied April 23, 2007

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions,
petitions, or applications concerning this judgment of conviction in any court?

Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?   Yes ☐ No ☐

(7) Reeult: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?   Yes ☐ No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1) First petition:      Yes ☐   No ☐

(2) Second petition:    Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Counsel was constitutionally ineffective during
plea negotiations in violation of petitioner's Sixth Amendment
right to effective assistance of counsel,
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum in Support attached hereto and included
herein by reference.

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

See memo _____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Page 6

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** Petitioner was denied Effective Assistanceof Counsel
-on Direct Appeal when his Appellant Counselfailed to raise issues
on Appeal taht were clearly more meritorious than those issues raised.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum In support attacher hereto and included

herein by reference

_____

_____

_____

_____

Page 7

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____ see memo _____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise this issue: _____

_____

_____

_____

GROUND THREE: Petitioner was denied effective assistance of
counsel at sentencing and on appeal when counsel failed to
object to errors at sentencing and present the same on direct appeal.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum In support attached hereto and included herein
by reference

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____ see memo _____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Page 9

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: ___See Memorandum In support attached hereto and___

___included herein by reference.___

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

see memo _____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

        see memo

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Jeffrey T. Demerath and Michelle Drake One Metropolitan Square, Suite 2600, St. Louis, MO 63102-2740

(b) At arraignment and plea: Richard K. Dowd, 100 N. Broadway, Suite 2105, St. Louis, MO 63102

(c) At trial: Jeffrey T. Demerath and Michelle Drake, One Metropolitan Square, Suite 2600, St. Louis, MO 63102

(d) At sentencing: Jeffrey T. Demerath, One Metropolitan Square, Suite 2600, St. Louis, MO 63102

Page 12

(e) On appeal: _Jeffrey T. Demerath, One Metropolitan Square, Suite 2600, St. Louis, MO 63102-2740_

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* This peitition is timely under the Antiterrorism and effective Death Penalty Act of 1996. The attached Motion for Leave Requesting a 120 day extension of time wihtin which to file an Amended §2255 petition and to file a more detailed memorandum of law with relevant points and authorities In support of petition is also timely in that it is being filed along with this §2255 petition and before any response from the government as to the merits of the claim.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: <u>Petitioner Request an</u>
<u>Evidentiary Hearing as to each claim.</u>

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____
<u>01 03 08</u> (month, date, year).

Executed (signed) on <u>January 3, 2008</u> (date).

_____
Signature of Movant # 30695-044

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____

_____

* * * * *

## MEMORANDUM IN SUPPORT

### GROUND ONE:

Counsel was constitutionally ineffective during guiltyplea negotiations in violation of Petitioner's Sixth Amendment right to effective assistance of counsel.

### SUPPORTING FACTS

On April 7, 2005, the U.S. Attorney's Office invited Petitioner and his trial counsel, Mr. Demerath to their office to discuss a guilty plea. Petitioner and counsel agreed and proceeded to the U.S. Attorney's Office. At this meeting the Assistant United States Attorney prosecuting Petitioner's case offered to allow Petitioner to plead guilty and in exchange the government would agree to give him a 21 month prison sentence and allow Petitioner to serve his sentence at the Marion prison camp. Petitioner liked this offer and shook his head in approval. Petitioner then asked the A.U.S.A. if he and counsel could speak in private to discuss the matter. The A.U.S.A. agreed and provided Petitioner and Mr. Demerath with a private room.

While in this private room, Petitioner asked Mr. Demerath if he could have the plea bargain from the government reduced to writing so that the judge would be aware of the terms of this agreement and, thus, protect himself. In responding to Petitioner's request Mr. Demerath became angry and began using profane language and told Petitioner to "trust their word and accept the

the bargain." After expressing concern again that the Court may not be aware of this oral and off-the-record agreement and that he may receive a sentence greater than 21 months if the Court was not aware of the agreement, Mr. Demerath became more angry at Petitioner and responded by stating:

> "F ... it! Your (sic) will be going to jail for a long time."

Mr. Demerath then stormed out of the room without saying another word to Petitioner. The next day Petitioner contacted attorney Richard Dowd at his home. In a phone conversation with Mr. Dowd Petitioner explained the current difficulties that he and Mr. Demerath were having and, Petitioner asked Mr. Dowd if he could assist him in negotiating a plea agreement with the government. Mr. Dowd expressed his concerns , but, informed Petitioner that he could not get involved in his case given that Petitioner was already being represented by counsel.

The next morning the U.S. Attorney's Office learned of Petitioner's and Mr. Dowd's conversation and spoke to Mr. Demerath about it. Upon meeting Petitioner this next morning, Mr. Demerath appoached Petitioner in a hostile manner outside the courtroom and asked Petitioner why he had contacted Mr. Dowd about the plea. In his attempts to explain his reasons for contacting Mr. Dowd Mr. Demerath interupted Petitioner and angerily stated, "The government is no longer interested in speaking with you and

the offer is no longer available."

Petitioner contends that Mr. Demerath's actions during guilty plea negotiations fell below the standard of reasonableness. Mr. Demerath performed deficiently in:

(a) abruptly walking out on Petitioner during plea negotiations;

(b) Failing to adequately assist Petitioner in accepting the government's plea offer;

(c) Failing to explain to Petitioner the guilty plea process and the type of guilty plea's available, such as, 11(c)(1); and

(d) Failing to explain to Petitioner the critical role the United States Sentencig Guidelines would play on his sentence.

Here, Counsel's actions fell below the standard of reasonableness and, therefore, constitutes deficient performance.

## Prejudice:

Petitioner asserts that had counsel not performed deficiently, he would have accepted the government's plea offer of 21 months.

> "I would have accepted the offer from the government for a 21 month sentence. I wanted to plead guilty, however, I just wanted the court to be aware of the agreement. I had taken multiple steps to get this plea bargain being offered by the government, but, Mr. Demerath failed to assist me in my efforts."

GROUND TWO:

Petitioner was denied Effective Assistance of Counsel on Direct Appeal when his Appellant Counsel Failed to Raise the following Issues on Appeal; Issues that were clearly more meritorious than those issues present on Appeal.

(A) Appellant Counsel should have argued on Appeal that "The District Court violated Petitioner's Sixth Amendment right to retain counsel of his choice when Petitioner made several motions to the Court to be allowed to have a continuance to seek the services of an attorney, Attorney Eric Tolen, who Petitioner and his family had already paid a retainer fee to represent Petitioner for his jury trial and other criminal proceedings. Petitioner also contacted Attorney Paul D'Agrosso mid-trial about taking over his case.

(B) Appellant Counsel should have argued on Appeal that Petitioner was denied effective assistance of counsel due to Petitioner's counsel's, Attorney Michelle Drake and Appellant counsel himself, laboring under a "conflict of Interest" during Petitioner's criminal proceedings in the district court.

The record before the District Court clearly shows that Petitioner's counsel, Mrs. Michelle Drake was married to an Assistant United States Attorney in the same U.S. Attorney's that was prosecuting Petitioner.

In addition, the record before the Distrcit Court demon- startes that Petitioner's trial counsel, who was also Appellant, counsel "labored under a conflict of interest." During his proceedings in the District Court both Petitioner and his trial/

Appellant Counsel filed substantive motions to have trial/
Appellant counsel removed or withdrawn from his representation
of Petitioner due to thier inability to communicate. The Court
was made aware by both Petitioner and trial/Appellant counsel
that there was a "complete breakdown in communication" between
the two of them that prevented counsel from adequately, and,
often times from totally, providing Petitioner with effective
representation; and

(C) Appellant Counsel should have argued on Appeal that the
District Court Erred in failing to "Appoint Petitioner new
Counsel" during the Conflict of Interest hearing as the law
requires. In considering Petitioner's and trial/Appellant
counsels motions for counsel to be allowed to withdraw from the
case the District Court should have, but failed to, provide
Petitioner with competent representation for this hearing. Such
failure was an abuse of discretion or error.

Based on the record before this Court, it should be clear
that Petitioner's Appellant counsel not only was ineffective
for failing to raise these clearly meritorious issues to the
Court of Appeals, but, that given that the substance of each
of the claims left out of Petitioner's Appeal revolved around
Appellant counsel's own misconduct or ineffectiveness during the
District Court proceedings, Appellant Counsel again "Labored
under a Conflict of Interest that Adversely Affected Petitioner's
Appellant proceedings." This is to say that Appellant counsel
deliberately refused or failed to raise the claims above due to

the substance of each of the  claims above having direct relevance
to Appellant Counsel's misconduct or ineffectiveness (conflict
if interest) du ng his representation of Petitioner in his
criminal proceedings.

GROUND THREE:

Petitioner was denied effective assistance of counsel at
sentencing and on appeal when counsel failed to object to the
following errors at sentencing and present the same on direct
appeal.

(1) Counsel should have objected to and/or raised on appeal
the issue that Loss calculation about found by the court was
mistaken or in error  resulting in Petitioner's sentence being
unlawfully increased in violation of his due process rights;

(2) Counsel should have objected to and/or raised on appeal the ·
issue that the court erred in misapplying the grouping rules to
his base offense level. Consequently, Petitioner's sentence was
unlawfully increased;

(3) Counsel should have objected to and/or raised on appeal
the issue that the district court erred in its total finding of
restitution amounts to be attributed to Petitioner.

(4) Counsel should have objected to and/or raised on appeal
the court's failure to grant Petitioner and counsel additional
time to review the Pre-sentence report together, and,

the court violated Rule 32 of Federal Rules of Criminal Procedure
by failing to allow Petitioner and counsel time to review the pre-
sentence report.

WHEREFORE, Petitioner prays that this Court will properly
review his pleading and claims set forth herein and grant him
liberal construance for the same.

Respectfully submitted,

Executed on January 3, 2008.          Jeffrey Thomas

I declare under penalty of perjury that the foregoing is true
and correct and that this Memorandum In Support of §2255
Petition was placed in the prison mailing system on January
03, 2008.

Jeffrey Thomas
#30695-044

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEFFREY THOMAS,         )
    Petitioner,      )
                    )
                    )
VS.                   )    Civil Filing
                    )    28 U.S.C. 2255
                    )
UNITED STATES OF AMERICA  )
    Respondent,      )

### MOTION FOR LEAVE REQUESTING A 120 DAY EXTENSION OF TIME WITHIN WHICH TO FILE AN AMENDED § 2255 PETITION TO SUPPLEMENT ATTACHED § 2255 PETITION AND TO FILE A MORE DETAILED MEMORANDUM OF LAW WITH RELEVANT POINTS AND AUTHORITIES IN SUPPORT OF PETITION

NOW COMES, Petitoner, Jeffrey Thomas, pro-se and does hereby respect-
fully request approval from this Honorable Court for a 120 day extension
of time within which to file an amended §2255 to supplement attached
petition together with a detailed memorandum of law in support.

In support of this motion, Petitioner states the following:

1.  On or about September 2007, Petitioner Jeffrey Thomas's family
made arrangements with out of state legal counsel to research and pre-
pare his §2255 petition, and on or about late October 2007, Petitioner
Jeffrey Thomas learned that no research or work hadbeen performed on
his case as November 2007 by the firm.

2.  In November 2007, Petitioner Jeffrey Thomas's family sought to re-
tain new legal counsel but terminated such efforts, becuase of racial
remarks, slanderous statements, and a verbal assault on petitioner's
family member.

3. Petitioner Jeffrey Thomas's family hasbeen referred to different
and competent legal counsel and is in the process of securing the re-
quired funds to retain the firm's services to assist petitioner in
preparing an amended § 2255 petition to include controling circuit and
Supreme Court Case Law.

4. Petitioner Jeffrey Thomas states that he has worked closely with the University of Kentucky's School of Law over the past months relative to his case and due to the complexity of the issues and skill required to properly litigate a §2255 appeal, Petitioner respectfully requests a 120 day extension of time within which to amend his current §2255 petition with the assistance of an experienced writ writer and legal counsel.

5. Petitioner Jeffrey Thomas has recently discovered material facts that he believes were knowingly suppressed and concealed from him and his Court appointed counsel during the course of pretrial and trial and such facts were material to a proper defense of the case and despite having written to various police agencies in November and December 2007, the relevant facts and files are still being suppressed in violation of Brady v. Maryland as of the date, January 3, 2008.

6. About two weeks ago, December 23, 2007, Petitioner did write to court appointed counsel requesting specific documents that constitutes Brady material but due to the holiday and mail delays, Petitioner has not received a reply from former counsel as of today, January 3, 2008.

7. Petitioner Jeffrey Thomas also seeks the 120 day extension of time within which to file an amended §2255 petition so that he can secure facts necessary to properly allege several Brady and additional constructive denial of counsel claims resulting from the Brady violations and Petitioner needs the professional services of legal counsel to secure the necessary documents to include the issues in his §2255 petition with sufficient facts to avoid dismissal due to lack of facts.

8. Petitioner Jeffrey Thomas is submitting the attached §2255 petition with the more obvious issues but respectfully requests an additional 120 days within which to file a revised petition to more fully raise

and argue all of his consitutional claims and such extension is
necessary to allow his new legal counsel to review his notes, research,
and desired issues for full briefing.

9.  This request is being made for good cause and not to frustrate the
proceedings and no interested party will be prejudiced should the Court
grant Petitioner Jeffrey Thomas's request made herein.

WHEREFORE: Petitioner Jeffrey Thomas respectfully prays this Honorable
Court grant this motion For Leave Requesting a 120 Day Extension of Time
Within Which To File An Amended §2255 Petition And To File A More Detailed
Memorandum Of Law With Relevant Points and Authorities In Support.

Executed this 3 day of January 2008.

Further Affiant Sayeth Not.

Done this 3rd day of January 2008. A.D.

All Rights Reserved,

Jeffrey Thomas - # 30695-044
Jeffrey Thomas Affiant

NOTARY STATEMENT

The state of Kentucky   )
                        ) Scilicet
Fayette County          )

Before me, a Notary Public for the State of Kentucky, Fayette County
personally appeared Jeffrey Thomas known to me( or provided to me on the
basis of satisfactory evidence) to be the man whose name is subscribed
to the within instrument, and being duly sworn according to law did
affirm and subscribe to the foregoing under the penalties of perjury on
This __3rd_ day of _January_____ 2008 A.D.

WITNESS MY HAND AND OFFICIAL SEAL.
_Vicki Jalberd_____
NOTARY SIGNATURE
Notary Public for Kentucky
Fayette County
My Commission Expires: _6/27/2010__ (Seal)

NOTICE OF FILING

I declare under penalty of perjury that the foregoing is true and correct and that this Motion for Leave Reqesting A 120 Day Extension of Time Within Which To File An Amended §2255 Petition To Supplement Attached §2255 Petition and To File a More Detailed Memorandum of Law with relevant Points and Authorities was placed in the prison mailing system on January 3rd 2008.

Signed on January 3rd 2008 A.D.

1/3/08

Jeffrey Thomas
Jeffrey Thomas
30695-044
Federal Medical Center
P.O. BOX 14500
Lexington Ky, 40512-4501



*ARMSTRONG* TEASDALE *LLP*

Jeffrey T. Demerath
jdemerath@armstrongteasdale.com

| CALIFORNIA | ILLINOIS | KANSAS | MISSOURI | NEVADA | SHANGHAI | WASHINGTON, DC | |

ATTORNEYS AT LAW

January 7, 2008

Jeffrey Thomas
#30695-044 – Blue Grass
FMC Lexington Federal Medical Center
P. O. Box 14500
Lexington, KY 40512

CONFIDENTIAL/LEGAL
COMMUNICATIONS

**Re:**   *U.S.A. v. Jeffrey Thomas*

Dear Mr. Thomas:

I am in receipt of your request for trial records and files. It will take us some time to copy those materials and I anticipate that it will be at least several weeks. Please have your contact get in touch with me in the next 10 days to 2 weeks and we will get you the materials. They are voluminous and we will have to insist that you pick them up at our front desk and have someone to take them from that point.

Yours very truly,
ARMSTRONG TEASDALE LLP

Jeffrey T. Demerath

JTD/kjd

$-\beta-$

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 4:03-CR-470 (CEJ) |
| | ) |
| JEFFREY THOMAS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**IT IS HEREBY ORDERED** that the motion of defendant Jeffrey
Thomas for copies of various documents [Doc. #264] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2008.

−C−

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

JEFFREY THOMAS,
    Petitioner,

vs.                    Docket No.: 4:08CV0599CEJ

UNITED STATES OF AMERICA
    Respondent.
_____/

### SWORN AFFIDAVIT
### JEFFREY THOMAS

COMES NOW, Petitioner Jeffrey Thomas, *pro-se,* pursuant to Penalty of Perjury under Title 28 U.S.C. § 1746, with this his Sworn Affidavit in Support of his Reply to the Government's Motion for Dismissal and in support provides as follows:

1. On January 3, 2008 I submitted via the Federal Prison's Legal Mail System, my Title 28 U.S.C. § 2255 petition along with an incorporated motion requesting a 120 day extension of time in order to prepare a proper memorandum of law with supporting documentation.

2. I was under the impression all along that my motion was filed since I did not hear to the contrary from the Clerk's Office.



3. In fact, since the Court denied my request for additional documents from my case on February 28, 2008, I was under the impression that all my motions were filed and the Court was awaiting for the additional memorandum of law.

4. Prior to the 120 day deadline requested in my original pleading, I filed my new petition with my memorandum of law as I requested.

5. I used the institutions legal mail system as required for all legal mail pleadings to the Court.

Done this ___6___, day of June 2008

> I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this __6__ day of June 2008 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.
>
> Respectfully submitted,
>
> Jeffrey Thomas
> Register No.: 30695-044
> Federal Medical Center – Bluegrass
> P.O. Box 14500
> Lexington, Kentucky 40512

No. 06A763

Title:                Jeffrey Thomas, Applicant

                     v.

                     United States

Docketed:

Lower Ct:            United States Court of Appeals for the Eighth Circuit

Case Nos.:           (05-3264)

~~~Date~~~ ~~~~~~~Proceedings and Orders~~~~~~~~~~~~~~~~~~~~~

Jan 29 2007 Application (06A763) to extend the time to file a petition for rehearing from February 2, 2007 to February 22, 2007, submitted to Justice Alito.

Feb 7 2007  Application (06A763) granted by Justice Alito extending the time to file until February 16, 2007.

Feb 16 2007 Application (06A763) to extend further the time from February 16, 2007 to February 27, 2007, submitted to Justice Alito.

Mar 28 2007 Application (06A763) granted by Justice Alito extending the time to file until February 27, 2007.

---

| ~~~Name~~~~~~~~~~~~~~~~~~~~ | ~~~~~~~~Address~~~~~~~~~~~~~~~~~~~ | ~~~Phone~~~ |
|---|---|---|
| **Attorneys for Petitioner:** | | |
| Jeffrey Thomas | 30695-044 | |
| | FMC Lexington | |
| | P.O. Box 14500 | |
| | Lexington, KY 40512 | |
| Party name: Jeffrey Thomas | | |
| **Attorneys for Respondent:** | | |
| Paul D. Clement | Solicitor General | (202) 514-2217 |
| | United States Department of Justice | |
| | 950 Pennsylvania Avenue, N.W. | |
| | Washington, DC 20530-0001 | |

Party name: United States



# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

*Received Monday 2/12/07*
*6 pm mail call*

William K. Suter
Clerk of the Court
(202) 479-3011

February 7, 2007

Mr. Jeffrey Thomas
Prisoner ID 30695-044
FMC Lexington
P.O. Box 14500
Lexington, KY 40512

> Re:  Jeffrey Thomas
> v. United States
> Application No. 06A763

Dear Mr. Thomas:

The application for an extension of time within which to file a petition for rehearing in the above-entitled case has been presented to Justice Alito, who on February 7, 2007 extended the time to and including February 16, 2007.

This letter has been sent to those designated on the attached notification list.

Sincerely,

**William K. Suter**, Clerk

by *Erik A. Fossum*

Erik A. Fossum
Case Analyst

- E.

SUPREME COURT OF THE UNITED STATES

No. 06-7965

JEFFREY THOMAS
      Petitioner,

    VS.

UNITED STATES OF AMERICA
      Respondent.

## MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE PETITION FOR REHEARING OF CERTIORARI PETITION

Comes NOW Petitioner Jeffrey Thomas, pro se, and does hereby move this Honorable Court for an extension of time until February 21, 2007 within which to file a petition for Rehearing of Certiorari Petition now pending in this Honorable Court.

    1. Petitioner submitted written BP-8 Form to Associate Warden, Mr. Capusta on or about January 20, 2007 and February 01, 2007 requesting a Legal Idle from work detail to complete Petition For Rehearing but such request was denied stating institution's policy was recently changed to restrict Legal Idles. Such position by the institution and staff is inconsistant with 28 CFR and vast case law when urgent Court filing deadlines exist an Inmate documents the same.

2. Petitioner states that brief is now complete and being typed and will be mailed to this Honorable Court on or before February 20, 2007.

3. Petitioner states because of construction and rennovation to Institution's Library and petitioner's work schedule, petitioner has been unable to meet the filing deadline of February 16, 2007 and pray this Honorable Court grant a final extension until February 21, 2007 as petitioner has diligently researched and prepared a thorough Legal Argument for Rehearing of Certiorari Petition.

4. Now THEREFORE Petitioner prays this Honorable Court grant this motion for a final extension within which to submit a Petition For Rehearing.

February 15, 2007

Respectfully Submitted,

Jeffrey Thomas

Jeffrey Thomas
30695-044-BG
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512-4501

## CERTIFICATE OF SERVICE

I, Jeffrey Thomas, do hereby certify that the original of
this document, Motion to Stay Consideration of Petitioner's Writ
of Certiorari, was filed with the Court Clerk identified below.
Furthermore, a true and correct copy was sent to the other parties
identified below by depositing same into the prison legal mail
box, postage prepaid, on the 15th day of February 2007.

Jeffrey Thomas
#30695-044  BG
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

Office of the Clerk
Supreme Court of the United States
One First Street NE
Washington, DC 20543-0001

Solicitor General
Mr. Paul D. Clement
U.S. Department of Justice
950 Pennsylvania Avenue NW
Room 5614
Washington, DC 20530-0001

Honorable Clerk
US. Court of Appeals
   for the Eighth Circuit
111 S. Tenth St. Room 24329
St. Louis, MO 63102

SUPREME COURT OF THE UNITED STATES

No. 06-7965

JEFFREY THOMAS

Petitioner,

vs.

UNITED STATES OF AMERICA

Respondent.

## MOTION TO STAY CERTIORARI PETITION PENDING DISPOSITION OF RITA AND CLAIBORNE CASES PENDING THIS COURT

1. Petitioner hereby request that final disposition of his Certiorari Petition be stayed pending this Court's disposition of RITA and Claiborne cases now pending on Certiorari as the decisions in both will affect petitioner's Certiorari petition now pending.

2. Petitioner pray this honorable court grant this motion.

Jeffrey Thomas
Jeffrey Thomas
# 30695-044

SUPREME COURT OF THE UNITED STATES

No. 06-7965

JEFFREY THOMAS
      Petitioner,

  VS,

UNITED STATES OF AMERICA
      Respondent

MOTION TO STAY FINAL DISPOSITION
OF WRIT OF CERTIORARI PENDING
THIS COURTS OF CLAIBORNE V. UNITED
STATES U.S., NO. 06-5618 (8TH CIR)

Comes NOW Petitioner Jeffrey Thomas, Pro Se, and and does hereby move this Honorable Court to stay his Writ of Certiorari pending this Court disposition of Claiborne v. United States, U.S., No. 06-5618 and RITA v. United States, U.S. No. 06-5754.

    1. Petitioner states that he raised various sentencing issues on Certiorari to this Court and filed numerous motions with the Eighth Circuit Court of Appeals relative to serious errors with his sentence but each motion was denied.

    2. Petitioner contends that the District Court exceeded it's lawful jurisdictions by imposing a 166 month additional term of imprisonment based on sentence enhance-

ments that were the functional equivalent of elements of a greater offense than the offense covered by the jury's general guilty verdict.

3. Petitioner filed numerous motions to the 8th Circuit Court of Appeals briefing the issues but to no avail.

4. The 8th Circuits denials of petitioner's motions denied the petitioner the right to raise such grave substantial right and constitutional violations by the District Court.

5. Petitioner contends he is actually innocent of the additional 166 month enhanced sentence because the final indictment was struck of sentencing allegations and such sentence enhancements were not proved to the jury beyond a reasonable doubt.

6. Petitioner contends his continued incarceration is illegal and a manifest miscarriage of justice.

7. Petitioner respectfully requests that this Honorable Court stay his Certiorari now pending in this Court pending disposition of Claiborne v. United States, U.S., No. 06-5618 which is also an Eighth Circuit case. (439 F.3d 479, 8thCir).

8. Petitioner makes this motion for good cause and in good faith as petitioner believes the requests herein are within this Courts authority and such request promotes

Justice.

9. Now THEREFORE Petitioner prays this Honorable Court grant this motion to stay petitioner's Certiorari petition now pending in this Court.

February 16, 2007

Respectfully Submitted

Jeffrey Thomas

Jeffrey Thomas
30695-044
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512-4501

## CERTIFICATE OF SERVICE

I, Jeffrey Thomas, certifies under penalty of perjury that a copy of this motion has been sent to the Solicitor General of The United States, Rm. 5614, 950 Pennsylvania Ave., N.W., Washington D.C. 20530-0001.

Jeffrey Thomas

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

February 28, 2007

Jeffrey Thomas
#30695-044
FMC - Bluegrass
P.O. Box 14500
Lexington, KY 40512-4501

    RE: Extension of Time on Rehearing for 06-7965
       No: 06A763

Dear Mr. Thomas:

    The application for an extension of time within which to file a petition for rehearing in the above-entitled case was postmarked February 20, 2007 and received February 27, 2007. An original application for extension of time to file a petition for rehearing was granted and time to file was extended through February 16, 2007. Your most recent application was submitted after the February 16, 2007 deadline to file a petition for rehearing. Thus your time to file an application requesting an extension and your time to file a rehearing has expired. The case is considered closed in this Court.

                         Sincerely,
                         William K. Suter, Clerk

                         By: _Erik Fossum_

                         Erik Fossum
                         (202) 479-3392

Enclosures

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

March 28, 2007

Mr. Jeffrey Thomas
Prisoner ID 30695-044
FMC Lexington
P.O. Box 14500
Lexington, KY 40512

     Re:  Jeffrey Thomas
           v. United States
           Application No. 06A763

Dear Mr. Thomas:

The application for a further extension of time in the above-entitled case has been presented to Justice Alito, who on March 28, 2007 extended the time to and including February 27, 2007.

This letter has been sent to those designated on the attached notification list.

Sincerely,

**William K. Suter**, Clerk

by *Erik A. Fossum*

Erik A. Fossum
Case Analyst

$-\lambda\!\!\!\!/\cdot$



USA FIRST-CLASS FOREVER

RECEIVED
BY MAIL

JUN 1 3 2008

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

FMC Bluegrass
P.O. Box 14500
Lexington, Kentucky 40512

3300 Thomas F. Eagleton
U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102-1116
Clerk's Office

Legal

Mail