UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY THOMAS, | ) | |
| Movant, | ) ) ) | |
| vs. | ) | No. 4:08-CV-599 (CEJ) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Jeffrey Thomas to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

On May 18, 2005, a jury found Thomas guilty of four counts of mail fraud (in violation of 18 U.S.C. §§ 1341 and 2), one count of wire fraud (in violation of 18 U.S.C.§§ 1343 and 2), two counts of money laundering (in violation of 18 U.S.C. §§ 1957 and 2), and one count of bank fraud (in violation of 18 U.S.C. §§ 1344 and 2). He was sentenced on August 12, 2005, to a 172-month term of imprisonment, to be followed by a five-year supervised release term. The judgment also required Thomas to pay restitution in the sum of $1,147,683.71. The judgment was affirmed on appeal. United States v. Thomas, 451 F.3d 543 (8th Cir. 2006). The United States Supreme Court denied Thomas' petition for a writ of certiorari. Thomas v. United States, 549 U.S. 1144, 127 S.Ct. 1010, 166 L.Ed.2d 761 (2007).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a § 2255 motion is timely filed if filed within a year of the date that the judgment of conviction is finalized. 28 U.S.C. §2255(f)(1). A conviction is considered finalized

when a movant's petition for a writ of certiorari is denied. <u>Campa-Fabela v. United States</u>, 339 F.3d 993, 993-4 (8th Cir. 2003); see <u>United States v. Willis</u>, 202 F.3d 1279, 1280-81 (10th Cir. 2000). Pursuant to Supreme Court Rule 16.3, titled "Disposition of Petition for Writ of Certiorari," a petition for rehearing from denial of certiorari does not delay the commencement of the order of denial unless otherwise ordered by the Supreme Court or a Justice thereof. <u>United States v. Willis</u>, 202 F.3d 1279, 1280 (10th Cir. 2000)(citing Sup. Ct. R. 16.3). Thus, the one-year limitation period for filing § 2255 motions begins to run from the date on which certiorari is denied---not from the date on which the petition for rehearing is denied. <u>Campa-Fabela</u>, 339 F.3d at 993-4.

Thomas' petition for a writ of certiorari was denied on January 8, 2007. His § 2255 motion was filed on April 21, 2008. The record does not show that Thomas filed a motion to stay the order denying certiorari nor does it show that an order delaying commencement of the denial of certiorari was entered by the Supreme Court of by a Justice thereof. Because the § 2255 motion was filed more than one year from the denial of certiorari, the motion is untimely.

Thomas asserts that he filed a § 2255 motion on January 3, 2008. This assertion is belied (1) by the Court's records which show that Thomas filed only one such motion (*i.e.*, the one presently at issue) and (2) by Thomas' statement under penalty of perjury that he had no pending § 2255 motions at the time the instant motion was filed.

For the reasons discussed above, Thomas' motion was not timely filed and must therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Jeffrey Thomas to vacate, set aside, or correct sentence [#1] is **denied**.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot**.

**IT IS FURTHER ORDERED** that movant has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2009.