RECEIVED
BY MAIL

OCT 14 2010   IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF MISSOURI
U.S. DISTRICT COURT        EASTERN DIVISION
EASTERN DISTRICT OF MO
      ST. LOUIS

JEFFERY THOMAS,                          *
        PETITIONER,                      *
                                         *
VS                                       *        DOCKET # 4:03-CR-470-CEJ
                                         *
UNITED STATES OF AMERICA,                *
        RESPONDENT,                      *
                                         *
_____      *

**DEFENDANT'S REQUEST FOR A HEARING AND
RULING ON HIS MOTION FOR RECONSIDERATION
FILED ON JUNE 26, 2009 AND TITLED,
"DEFENDANT'S OBJECTION TO COURT'S JUNE 18, 2009
ORDER DENYING RULE 33(b)(1) MOTION, REQUEST FOR
RECONSIDERATION OF THE SAME AND REQUEST FOR
HEARING IN THE INTEREST OF JUSTICE"**

**COMES NOW,** Defendant Jeffery Thomas, Pro Se, and does hereby move

this Honorable Court For A Hearing And Ruling On His Motion For Recon-

sideration Filed On June 26, 2009 And Titled, "Defendant's Objection

To Court's June 18, 2009 Order Denying Rule 33(b)(1) Motion, Request

For Reconsideration Of The Same And Request For Hearing In The Interest

Of Justice".

In support of this request, Defendant provides as follows:

1. On May 15, 2008, Defendant filed a Motion For New Trial under

the provisions of Rule 33(b)(1) of Fed.R.Cr.P.

2. On June 19, 2009, the District Court denied Defendant's Rule

33(b)(1) Motion For New Trial without affording the Defendant his Con-

stitutional Right to Counsel under the Sixth Amendment and, without

affording the Defendant an Evidentuary Hearing so that he could prove

his allegations through his own testimony, testimony of his Attorneys

and others, and through documentary evidence including but not limited

-1-

to cooperating law enforcement agencies' records and files. (see attached Exhibit A- Motion For Appointment of Counsel).

3. On June 26, 2009, Defendant timely filed, via the Federal Bureau of Prisons legal mail system with sufficient prepaid postage affixed thereto, both a Notice of Appeal of the Court's June 19, 2009 Order and a Motion For Reconsideration titled, "Defendant's Objections To The Court's June 18, 2009 Order denying Rule 33(b)(1) Motion, Request For Reconsideration Of The Same And Request For Hearing In The Interest Of Justice". (see attached Exhibits B and C respectively).

4. On September 10, 2009, after not receiving any communications from the COurt on Defendant's Motion For Reconsideration and Notice Of Appeal, Defendant wrote to the Clerk's Office but received no reply. (see Exhibit D- Letter to Clerk).

5. On October 30, 2009, after not receiving a reply from the Clerk's Office, Defendant was able to have an acquaintance in the Legal profession check the Court's Pacer system to verify the status of his documents and was told that the documents did not appear on the Court's Docket Sheet.

6. After learning that his documents were not on the Court's Docket Sheet, On December 15, 2009, Defendant prepared a sworn affidavit titled, "Sworn Affidavit Of Truth Jeffery Thomas and filed it along with a "second" filing of his Motion For Reconsideration and Notice of Appeal which were originally filed on June 26, 2009 when Defendant delivered his documents to prison authorities, with proper prepaid postage affixed, for mailing to the District Court.(see attached sworn affidavit of truth- labeled Exhibit E)

7. In January 2010, upon receipt of Defendant's "refilings" and

-2-

Certificate of Refiling, the District Court promptly and prematurely transmitted Defendant's Notice of Appeal to the Eighth Circuit Court of Appeals before and without first ruling on the Defendant's Motion for Reconsideration which tolls the time for filing a Notice of Appeal.

8. In January 2010, after receiving the Defendant's Sworn Affidavit of Truth, prepared pursuant to Fed.R.App.P. 4(c) and Houstan v. Lack, together with Defendant's "refiled" Motion for Reconsideration and Notice of Appeal, originally filed on June 26, 2009 via the Federal Bureau of Prisons legal mail system, rather than hold Defendant's Notice of Appeal until the COurt had adjudicated Defendant's Motion for Recon- sideration which was simultanously filed with the N.O.A, the Court improperly transmitted Defendant's Notice of Appeal to the Eighth Circuit without first addressing the Defendant's Motion For Reconsideration as required by rule and Circuit law. Defendant's Motion for Reconsideration filed on June 26, 2009 via the FBOP's legal mail system, tolled the time to file a N.O.A.

9. Because this Court has falied to adjudicate Defendant's Motion for Reconsideration and Objections to the Court's June 19, 2009 Order denying his Rule 33(b)(1) Motion, the U.S. Court of Appeals lacks juris- over Defendant's Notice of Appeal until and unless this Court denies Defendant's Motion for Reconsideration which is still pending before this Court unadjudicated.

10. On March 16, 2010, the Defendant filed another set of his timely filed original pleadings but again, received no reply from this Court. (see attached Exhibit G).

11. Until this Court formally rules on the Defendant's June 26, 2009 Motion for Reconsideration, the Eighth Circuit Court of Appeals necessarily lacks jurisdiction over Defendant's N.O.A and Rule 33(b)(1)

motion.

For the foregoing reasons, Defendant respectfully request that this Court will appoint Counsel pursuant to the provisions of the CJA, 18 U.S.C. § 3006A, and promptly grant him a hearing on this motion and his pending Motion for Reconsideration.

WHEREFORE, Defendant prays this Honorable Court grant his motion and promptly schedule a hearing on the pending matter.

Done this 5th day of October, 2010

Jeffery Thomas #30695-044
Federal Prison Camp - Manchester
P.O. Box 4000
Manchester, KY 40962

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY that a true and correct copy of this document was mailed to A.U.S.A John Bodenhausen, 111 South 10th Street, Room 20.333, St. Louis MO 63102 via the Federal Bureau of Prisons Legal Mail System with sufficient First Class Postage.

Done this 5th day of October, 2010

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 5th day of October, 2010, I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

Jeffery Thomas #30695-044
Federal Prison Camp-Manchester
P.O. Box 4000
Manchester, KY 40962

-4-

Exhibit A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

United States of America
_____,
             Plaintiff,

vs.

Jeffrey Thomas
_____,
          Defendant(s).

)
)
)
)
)
)
)
)
)
)

Case No.    4:08CV0599CEJ
            4:03-CR-470CEJ

## MOTION FOR APPOINTMENT OF COUNSEL
## AND AFFIDAVIT IN SUPPORT

I, __Jeffrey Thomas_____, hereby apply for appointment
of Counsel. In support of my application I declare under penalty of
perjury that the following facts are true:

(1) I am the plaintiff in the above-entitled case and I believe
I am entitled to redress.

(2) Because of my poverty I am unable to pay a reasonable
attorney fee.

(3) I have made diligent efforts to obtain legal counsel but
because of my poverty I have been unable to secure same.

I declare under penalty of perjury that the foregoing is true and
correct. Executed on __January 15_____, 20_09_.

Jeffrey Thomas
Signature of Plaintiff
#30695-044

Exhibit B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT MISSOURI

JEFFREY THOMAS,
        Petitioner,

vs.                               Docket No: 4:03-CR-00470

UNITED STATES OF AMERICA,
        Respondent,
_____/

### NOTICE OF APPEAL

      COMES NOW, Petitioner Jeffrey Thomas, *pro-se*, with his Notice of Appeal

pursuant to Rule 4(c), of the Federal Rules of Appellate Procedure on the District

Court's Order entered on June 18, 2009.

      Done this 25th, day of June 2009

                             Respectfully submitted,

                             Jeffrey Thomas
                             Register No.: 30695-044
                             Federal Medical Center – Bluegrass
                             P.O. Box 14500
                             Lexington, Kentucky 40512

**CERTIFICATE OF SERVICE**

I HERBY DO CERTIFY that a true and correct copy of this to: A. U. S. A. John Bodenhausen, 111 South 10th Street, Room 20.333, St. Louis, MO 63102 via the Federal Bureau of Prisons Legal Mail System with sufficient First Class Postage.

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 25th day of June 2009 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

Jeffrey Thomas
Register No.: 30695-044
Federal Medical Center – Bluegrass
P.O. Box 14500
Lexington, Kentucky 40512

Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JEFFREY THOMAS
          Defendant,

vs.                            Case No.:  4:03-CR-00470

UNITED STATES OF AMERICA
          Plaintiff.
_____/

## DEFENDANT'S OBJECTION TO COURT'S JUNE 18, 2009 ORDER
## DENYING RULE 33(b)(1) MOTION, REQUEST FOR RECONSIDERATION
## OF THE SAME AND REQUEST FOR HEARING
## IN THE INTEREST OF JUSTICE

Comes now defendant Jeffrey Thomas and does hereby file this Defendant's
Objection to the Court's June 18, 2009 Order Denying his Rule 33(B)(1) Motion and
Request for Reconsideration of the same in the Interest of Justice and in support
provides as follows:

On June 18, 2009, this court entered an order denying defendant's Rule
33(b)(1) motion without a hearing.  Defendant objects to the court's June 18, 2009
and hereby requests a reconsideration on multiple grounds:

First: The court has misconstrued and misapprehended in nature and gist of
the defendant's Rule 33(b)(1) claims.

Second: The court has improperly misconstrued the  defendant's claim as a
violation of his Fourth Amendment rights (see page three, last paragraph of courts
order:

The court states:

> "Thomas' first claim is that the St. Louis Police Department officials violated his Fourth Amendment rights through illegal searches and seizure in March 2003."

While it is true that the St. Louis Police Department officials did violate defendant's Fourth Amendment rights through illegal searches and seizure in March 2003, the defendant presented his Rule 33(b)(1) claims as Fifth Amendment, Sixth Amendment and Brady v. Maryland violations. To be certain, paragraph two of defendant's "motion for new trial under Rule 33 of the Federal Rules of Civil Procedure on the basis of new discovered evidence" reads as follows:

> "Petitioner states a motion for new trial under Rule 33 of Federal Rules of Criminal Procedure is applicable as his discovery is exculpatory evidence that was unknown to him and appointed counsel at the time of trial but was known to the government and suppressed in violation of his Fifth Amendment right to due process of law, Sixth Amendment right to effective assistance of counsel and Brady v. Maryland."

This the court's position regarding the defendant's claims as a Fourth Amendment claim was improper and denied defendant a proper consideration of his claims.

Third: The court employed an incorrect and erroneous standard of review to defendant's claims and Rule 33(b)(1) motion.

Fourth: Rule 12(b)(3)(C) is not applicable to defendant's Fifth Amendment, Sixth Amendment and Brady violations.

Fifth: The court's application of Federal Rules of Civil Procedure 12(e) was error. This is so because of defendant's claim that the government knowingly and

2

willfully concealed and suppressed the evidence obtained from the illegal searches and seizures and failed to even disclose material fact that St. Louis County police officials were cooperating with the government in the investigation of defendant, thus, the defendant could not file any motions to suppress because he did not learn of the St. Louis Police Department officials' involvement until   February 2008 prosecution (See Attached Letter from Chesterfield Police Department marked Exhibit 1 and incorporated herein.

The defendant did not learn of the St. Louis Police Department's intelligence unit and detective's involvement in the March 14, 2003 traffic stop and federal investigations against him until long after his trial and direct appeal had concluded. This was obviously too late to file any motions to suppress pursuant to the provisions of Rule 12(b)(3).

Sixth: The cases cited by the court in the last paragraph of page three, and paragraph one and two of page four are irrelevant and distinguishable from defendant's case. This is so because the defendant in those cases had pretrial notice of the illegal searches and illegally seized evidence whereas in this case, defendant Thomas did not have any pre-trial notice of St. Louis County Police Department intelligent officials and detective involvement.

While defendant was aware of the Chesterfield Police Department involvement in the March 14, 2003 traffic stop, he was not aware of St. Louis police officials' undercover secret involvement.

3

The defendant did not gain knowledge of the St. Louis County Police Department's involvement in the federal case against him until he was advised by prison officials at FMC Lexington that his March 14, 2003 incident was also in connection with the federal case for which he had been convicted. It was not until February 26, 2008 that petitioner was able to confirm that the St. Louis County Police Department and Intelligent Unit was involved in the March 14, 2003 traffic stop.

Therefore, defendant could not file pre-trial motions to suppress evidence he did not learn existed until after his trial had concluded. Therefore, none of the cases cited by the court are controlling or relevant to defendant's claims. (See Defendant's Motion for New Trial Under Rule 33 of Federal Rules of Criminal Procedure on Basis of New Discovered Evidence, specifically subparagraphs 1-4, 6 and 8-12).

Seventh: The court failed to fully and fairly consider defendant's *Brady v. Maryland,* 373 US 83 (1963) claims. The court on page four, paragraph three characterizes defendant's second claim as a *Brady* violation but nonetheless denies and rejects the defendant's claim on the basis that the court cannot understand what evidence the defendant is referring to in his motion.

First, the court's denial and rejection of defendant's claim without a hearing or without issuing an order providing defendant with an opportunity to more fully set forth his claims has improperly denied defendant's full and fair review of his issues.

4

Furthermore, in subparagraph one and eight of defendant's Rule 33 motion

for new trial, he describes the nature of the illegally withheld evidence:

> "1. That the government failed to turn over investigative
> files, records and memorandums from St. Louis County
> Police Department and St. Louis County Intelligence
> Unit's investigation of Jeffrey Thomas and the Louis
> Springs Farm property in counts 1-3 of the indictment in
> violation of petitioner's Fifth and Sixth Amendment
> Constitutional rights. (See No. 1 of motion for new trial)"

Thus, paragraph 1 sufficiently describes the nature and scope of the

deliberately withheld evidence to warrant further review and to allow the process of

discovery pursuant to the Federal Rules of Criminal Procedure 16 and Federal

Rules of Civil Procedure 26-37 in the best interest of justice.

Furthermore, in paragraph 18 of his Rule 33 motion, defendant specifically

requested to invoke the processes of discovery to obtain the withheld files of the St.

Louis County Police Department to further develop and describe with greater

specificity the evidence that was illegally suppressed at trial.

To the extent that the court believed that defendant's motion did not

sufficiently describe the illegally withheld and suppressed evidence, he was entitled

to an order allowing him an opportunity to more fully describe the evidence to the

court or, in the alternate, he should have been granted a request to proceed with the

process of discovery as requested in his pleading. Since the Rule 33 motion as a

matter of law is a continuation of the criminal case rather than a civil proceeding,

the defendant should have been granted more leeway to present and prove the case

especially in light of the fact that he has made two specific pre-trial requests for the

5

same and in both occasions the government knowingly and willfully withheld the request for discovery in violation of Rule 16 of the Federal Rules of Criminal Procedure and *Brady*.

On page 4, paragraph 3, the court further states, "Without information it is impossible to determine whether the evidence was exculpatory or material." *Id.* This very statement of position by the court precisely why the court should have issued an order allowing the defendant an opportunity to satisfy the court's concerns and lack of understanding or in the alternate, the court should have held a hearing at least to determine whether or not counsel should have been appointed in the "criminal proceeding" to better advise the court or whether the ends of justice warranted the defendant requests to invoke the process of discovery. (See paragraph 18 of defendant's motion for new trial)

Based on the court's statements on page 4, paragraph 3 of the order clarifying that the case was not "ripe" for disposition, nonetheless, the court arbitrarily and prematurely denied defendant's motion for new trial and ordered that all pending motions be moot. See *McBride v. Sharpe,* 25 F.3d 962 (11th Cir. 1994)(discussing the court's discretion to enter an order to notify the defendant that his motion will be treated by the court as ripe for summary disposition and to further inform the defendant of his right to file affidavits or other materials to show why the motion should not be summarily denied or dismissed on the basis of the answer by the government).

Thus, the defendant contends that in light of the court's inability to fully apprehend

6

the gist of the *Brady* claims and the denial of the motion without further proceeding or some type of summary disposition order has denied defendant a full and fair review of the consideration of his issues.

Eight: The court has misconstrued his *Brady* claim and constructive denial counsel claim coupled with the constitutional violations found from attorney Flemming's and the federal public defender Flynn's involvement in the case as ineffective assistance of counsel claims. Defendant did not present his claim as ineffective assistance of counsel claim and presents that the court erred by *sua sponte* characterizing his claims relative to the attorney Flemming as "an ineffective assistance of counsel claim."

On page 5, paragraph 1, the court states:

"Thomas' third claim is that his trial counsel had a conflict of interest that impeded defense."

While Thomas does state that his attorney knowingly and willfully engaged in a conflict of interest at critical stages of the proceedings, he did not frame his claim as an ineffective assistance of counsel claim, rather as presented as a constructive denial as counsel which must be reviewed under the standards of *Halloway v. Arkansas.* (See paragraph 13 and 17 of Defendant's Motion for Mew Trial incorporated herein by reference)

First, defendant's claim is not governed by the 8th Circuit's holding in *Widgery v. United States,* 796 F.2d 223, 226 (8th Cir. 1986). This is so, because defendant Thomas asserts that he was "constructively denied counsel at critical stages" and that his defense was knowingly and willfully compromised by his

7

attorney Flemming. To be certain, the government, without notice or disclosure to Thomas' new counsel, Dowd or Demerath, discretely saw fit and necessary to disqualify and force attorney Flemming off the case. (See paragraph no. 16-18 of defendant's motion for new trial) Therefore, the court incorrectly applied an erroneous standard of review in reaching its determination to deny what the court characterized as Thomas' third claim.

The Supreme Court has held that: "The Sixth Amendment entitles the defendant to counsel who 'functions in the active role of an advocate.'" *Entsminger,* 386 US at 751. The assistance of counsel is a mandate and compliance with this constitutional mandate is an essential "jurisdiction of prerequisite" to a federal court's authority to deprive an accused of his life or liberty. See *Johnson v. Zerbest,* 304 US at 467.

Furthermore, the Supreme Court has assigned a "special value" to this right: "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for an effective ability to assert any other rights that he may have." See *United States v. Cronic,* 466 US 648 (1984) (quoting *Schaefer,* Federal and State Criminal Procedure, 70 Harv. L. Rev. 1, 8 (1956)). Furthermore, Thomas also presented that: "The government forced attorney Flemming off the case because of conflicting interests and withheld this most significant fact from Thomas as of the filing of the motion has never disclosed this material fact to Thomas or the court. The defendant presents that all the facts raised were newly discovered evidence and his defense was unquestionably compromised by and

8

through Flemming's unconstitutional and unethical actions as raised in the Rule 33 motion for new trial and the government's knowingly and willfully suppression of legal and illegal concealment of the same from defendant and the court."

Ninth: The court has failed to address the defendant's claims in paragraph numbered 15, 16, 17 and 18 of his motion for new trial. Thus, the court's denial of defendant's motion for new trial without addressing defendant's claims as characterized by the defendant has improperly denied the defendant a full and fair review of his claims and has erroneously deprived him his right to redress.

Tenth: The court's June 18, 2009 order denying defendant's motion for new trial was error for various other reasons:

> a. Defendant was entitled to appoint new counsel to assist him to litigate his Rule 33(b)(1) motion for new trial as such motion is a continuation of the criminal case rule to which right to counsel is attached.
>
> b. Defendant was entitled to a hearing to fully present and prove his claims on the record.
>
> c. The court applied an erroneous standard of review when considering defendant's claims and denying the same.
>
> d. Defendant was denied a full and fair review of his claims because the court states it was impossible to determine whether the withheld evidence was exculpatory. (See page 4, paragraph 3).
>
> e. The defendant was constructively denied his right to fully present his claims by and through the government's and St. Louis County Police Department's failure and refusal to properly respond to his FOIA and Sunshine Law request for files and certain records needed to support his claims.

9

> f. The court failed to construe defendant's claims liberally
> in light of Supreme Court's holding in *Haines v. Kerner.*

Where a motion for new trial is made on grounds of newly discovered evidence, it is not a function of the trial judge to decide what verdict should be, but simply determine whether newly-discovered evidence should be submitted to a new jury and if trial judge feels that newly discovered evidence might well result in different verdict and otherwise meets with required conditions, it is his duty "in interest of justice" to grant a new trial, to permit jury to find the true verdict. *United States v. Mitchell,* (DC NJ. 1962) 29 FRD 157.

Moreover, the court has applied an erroneous standard of review when considering whether defendant's claims warrant a new trial. Although new trial may not be granted on grounds of newly discovered evidence unless different verdict or sentence will probably result, due process requires different rules where evidence was not presented at trial due to deliberate suppression by the prosecution and defendant need only show that evidence is material and could in any reasonable likelihood have led to different result on a retrial. See *United States v. Mele,* 462 F.2d 918 (2nd Cir. 1972); *see also United States v. Polisi,* 416 F.2d 573 (2nd Cir. 1969) (rule that newly discovered evidence must be of such nature that it would probably produce different verdict in event of retrial does not apply where prosecutor has suppressed evidence exculpatory of or otherwise favorable to the accused).

Finally, on motion for new trial based on newly discovered evidence available to prosecutor and not submitted to defense, the defendant should not have to satisfy severe burden of demonstrating that newly discovered evidence *probably* would

10

have resulted in acquittal. See *United States v. Librach*, 602 F.2d 165 (8th Cir. 1979).

For the reasons discussed above, the defendant respectfully presents that the ends of justice warrants reconsideration of further proceedings in this criminal case.

**WHEREFORE,** defendant Thomas humbly asks this Honorable Court to grant this motion for reconsideration of the court's June 18, 2009 order denying his Rule 33(b)(1) motion for new trial, or, alternately appoint counsel per the CJA to assist him in presenting his claims to this court.

Done this 26th day of June 2009

Respectfully submitted,

Jeffrey Thomas

Jeffrey Thomas
Register No.: 30695-044
Federal Medical Center – Bluegrass P.O. Box 14500
Lexington, Kentucky 40512

11

## CERTIFICATE OF SERVICE

I HERBY DO CERTIFY that a true and correct copy of this pleading was mailed to: A. U. S. A. John Bodenhausen, 111 South 10th Street, Room 20.333, St. Louis, MO 63102 via the Federal Bureau of Prisons Legal Mail System with sufficient First Class Postage.

Done this 17th day of September 2010

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 9/17/2010 day of June 2009 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

Jeffrey Thomas
Register No.: 30695-044
Federal Medical Center – Bluegrass
P.O. Box 14500
Lexington, Kentucky 40512

Exhibit D

Jeffrey Thomas, #30605-044
Federal Medical Center-Bluegrass
P.O. Box 14500
Lexington, KY 40512-4500

Office Of The Clerk
United States District Court
111 S. Tenth Street, 3rd Floor
St. Louis, MO 63102

Re:  Request For Copy Of Docket Sheet And Verification
     Of Filing Of Notice Of Appeal In Case No.
     4:03-CR-470

Dear Clerk:

     Please accept this communication as my request
for a copy of the Docket Sheet in Case number
4:03-CR-470. I am seeking to verify the filing of my
Notice Of Appeal in case number 4:03-CR-470 relative
to the Court's denial of my Rule 33(b)(1) motion for
new trial entered on June 18, 2009.

     Your time, interest, and assistance are greatly
appreciated.

                              Respectfully Submitted,

                              Jeffrey Thomas
                              Reg. No. 30605-044

Exhibit D

Jeffrey Thomas #Reg...
Federal Medical Center - Bureau...
P.O. Box 14500
Lexington KY 40512-4501

Office Of The Clerk
United States District Court
Eastern District of Missouri
111 S. Tenth Street, Suite...
St Louis, MO 63102


USA FIRST-CLASS FOREVER

Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI,
## EASTERN DIVISION

JEFFREY THOMAS
     Defendant,

vs.                         Docket No.: 4:03-CR-470

UNITED STATES OF AMERICA
     Respondent.
_____/

## SWORN AFFIDAVIT OF
## TRUTH JEFFREY THOMAS

Comes now defendant Jeffrey Thomas pursuant to penalty of perjury under Title 28 U.S.C. § 1746, with his sworn affidavit of truth and in support of both his Certificate of Re-Filing lost Notice of Appeal and Defendant's Objection to the Court's June 18, 2009 Order Denying Rule 33(b)(1) Motion and in support provides as follows:

1. On May 15, 2008, I timely filed a Motion for New Trial under Rule 33(b)(1) of the Federal Rules of Criminal Procedure when the same was delivered to prison officials at FMC Lexington for forwarding to the District Court.

2. On June 18, 2008, the District Court found as a matter of fact that my Rule 33(b)(1) Motion was timely filed. (See Page 3 of the Court's June 18, 2009 Order).

3. On June 18, 2009, the District Court denied my Rule 33(b)(1) Motion for new trial based on the merits.

4. On June 26, 2009, I timely filed via the Federal Bureau Prisons legal mail system with sufficient prepaid postage affixed, both my Notice of Appeal of the

District Court's June 18, 2009 Order and my Motion for Reconsideration and Rehearing titled "Defendant's Objections to the Court's June 18, 2009 Order Denying Rule 33(b)(1) Motion, Request for Reconsideration of the Same and Request for Rehearing in the Interest of Justice."

5. I was under the impression that that motion had been received by the Court and were under review.

6. Since the Court had routinely taken a substantial amount of time to answer other pleadings of mine such as my Section 2255 petition, I assume that the motion had been received by the District Court and was simply under review awaiting final adjudication and upon the Court's "final" ruling of my Motion for Reconsideration, my Notice of Appeal would either be transmitted to the Court of Appeals or become moot, depending on the Court's final order.

7. I wrote the clerk's office after not hearing regarding my Notice of Appeal, however I received no response. (See Appendix B).

8. Finally, on October 30, 2009 I was able to have an acquaintance check the Court's pacer system and could not locate the filed Notice of Appeal.

9. Although there is a possibility that my Notice of Appeal and my Motion objecting to the Court's June 18, 2009 Order denying my Rule 33(b)(1), request for reconsideration of the same were filed, on an abundance of caution, I am re-filing "copies" of each document together with the affidavit of testing to the fact that each was timely filed on June 26, 2009 when I timely deposited my documents with

sufficient prepaid postage affixed to each in the FMC Lexington's prison legal mail system for forwarding to the District Court.

10. Accordingly, along with this sworn affidavit of truth under penalty of perjury per the provisions under Title 28 U.S.C. § 1746, I am re-filing/resubmitting a copy of each document that was previously filed when the same was placed in the Federal Bureau Prisons legal mail system on June 26, 2009 for forwarding to the Court.

11. By Notice of Appeal, dated June 26, 2009 marked as Exhibit "B" attached hereto and included herein and my motion titled "Defendant's Objection to the Court's June 18, 2009 Denying Rule 33(b)(1) Motion Reequest for Reconsideration of the Same and Request for Hearing in the Interest of Justice were timely filed on June 26, 2009 when the same were delivered to prison officials at FMC Lexington for mailing to the Court.  See *Houston v. Lack,* 47 U.S. 266 (1988), *Grady v. United States,* 269 F.3d 913 (8th Cir. 2001); Noble v. Kelly, 246 F.3d 93 (2nd Cir. 2001); and *Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993).

12. Pursuant to the Federal Rules of Appellate Procedure 4(c)(1), my Notice of Appeal and Motion for Reconsideration were timely filed on June 26, 2009 as I used the institution's legal mail system as required for legal pleadings to the Court.

I declare under penalty of perjury pursuant to Title 28 U.S.C. § 1746 that the foregoing is true and correct and that the affidavit was placed in the prison's mail system on December 15, 2009.

Jeffrey Thomas
JEFFREY THOMAS
30695-044

Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JEFFREY THOMAS
    Petitioner/Defendant,

vs.

Docket No.: 4:03-CR-470-CEJ

UNITED STATES OF AMERICA
    Respondent/Plaintiff.
_____/

## PETITIONER'S OBJECTION TO THE GOVERNMENT'S OPPOSITION TO THE MOTION FOR RECONSIDERATION AND PETITIONER'S REPLY TO THE MOTION TO STRIKE AND DISMISS DEFENDANT'S NOTICE OF APPEAL

Comes Now Petitioner Jeffrey Thomas with this his objection to the government's opposition to the motion for reconsideration and in reply to the government's opposition to defendant's notice to strike notice of appeal and in support provides as follows:

Petitioner has presented herein a sworn affidavit detailing a chronological sequence of events that establishes that the timely notice of appeal on the denial of the Rule 33 Motion for New Trial was in fact timely filed.

The government's position that defendant offers only unsubstantiated, self-serving claims that he mailed his objections and requests for reconsideration within ten days of the Court's order denying the Rule 33 Motion is unsubstantiated on the government's part as well. It is obvious from the attached affidavit and the Notice of Refilling that Petitioner timely filed the notice of appeal which never arrived at the clerk's office. When documents are mailed via the Federal Bureau Prisons, the

1

documents are considered filed on the day that the same are provided to prison authorities for mailing. The government has not addressed the position enunciated in *Garvey v. Vaughn,* 99 F.2d 776 (11th Cir. 1993) where the Court clearly addressed as follows:

> Pro-se prisoners are unable to file personally in the clerk's office, they cannot utilize the private express courier, they cannot place a telephone call to ascertain whether a document mailed for filing arrived. Not only do they lack the safeguards available to other litigants to ensure that the court filings are timely, but they also do not have counsel to monitor the filing process. Importantly, the pro se prisoner have no recourse other than to entrust his court filings to prison authorities to whom he has no control. Additionally, the pro se prisoner may be hindered by a slow process server or a court clerk's failing to stamp a document filed on the date received. Unskilled in the law, unaided in counsel, and unable to leave the prison, the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities – and the only information that he will likely have is the date he delivered the notice to the prison authorities and the date ultimately stamped on his notice.

Supreme Court in *Fallen v. United States*, 378 U.S. 139 (1974) has addressed that once an inmate files his petition, the prison authorities in essence are considered the clerk of the court. (Fallen recognizes that once a pro se litigant has deposited documents to be filed in the prison mailbox, the court jailer is in effect the clerk of the court.") *Id.* 378 U.S. at 144.

Therefore, the burden of establishing the late filing of the notice of appeal and the certificate of refiling shifts to the government to establish, via the Federal Bureau Prison authorities, that Petitioner did not in fact timely file his pleading. The sequence of events establishes otherwise.

The government is relying on the change of address has misplaced its intentions. The change of address was purposely mailed ahead of the pleadings to ensure that

2

any orders from the Court or replies by the government would be directed to Petitioner at his new address. The Petitioner merely sought to provide the Clerk's Office with sufficient time to the change of address in the Court systems and files in order not to miss any prior subsequent filings.

Correctional Officer Jackson took Petitioner's legal document from him at the time he arrived at the Receiving and Discharge facility at the prison. The government could have very easily, and still can very easily contact the prison authorities to verify this information.

Furthermore, contrary to the government's slanderous remarks, the certificate of service does not state that the documents were mailed from FCI Bluegrass as the government contends rather it merely states that the Certificate of Re-filing was mailed via the Federal Bureau Prisons Legal Mail System on December 23, 2009. The documents were not mailed from the FMC Lexington because upon arrival at the Receiving and Discharge mail rooms all of Petitioner's legal mail was taken from him and mailed to him at Manchester via Correctional Officer Jackson at the Lexington facility.

**WHEREFORE,** petitioner respectfully prays that this Honorable Court allow the untimely filing of the Notice of Appeal, as the sequence of events clearly establishes that Petitioner timely provided the Notice of Re-filing to prison authorities and that the burden of proof shifts to the government to establish that Petitioner's pleadings were in fact untimely. The sequence of events in this case,

3

clearly establish that Petitioner has done all he could under the circumstances to

timely file the pleadings.

Done this ⟶ day of January, 2010

Jeffrey Thomas
Register No. 30695-044
FCI Manchester
P.O. Box 4000
Manchester, KY 40962

## CERTIFICATE OF SERVICE

I HERBY DO CERTIFY that a true and correct copy of this document was mailed to: A. U. S. A. John Bodenhausen, 111 South 10th Street, Room 20.333, St. Louis, MO 63102 via the Federal Bureau of Prisons Legal Mail System with sufficient First Class Postage.

Done this 27th day of January, 2010

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 27th day of January 2010 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

Jeffrey Thomas
Register No. 30695-044
FCI Manchester
P.O. Box 4000
Manchester, KY 40962

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JEFFREY THOMAS
      Petitioner/Defendant,

vs.                                                    Docket No.: 4:03-CR-47-CEJ

UNITED STATES OF AMERICA
      Respondent/Plaintiff.
_____/

## PETITIONER'S SWORN AFFIDAVIT IN SUPPORT OF HIS REPLY TO THE
## GOVERNMENT'S MOTION TO STRIKE AND DISMISS
## DEFENDANT'S NOTICE OF APPEAL

Comes now Jeffrey Thomas with this his sworn affidavit, under penalty of perjury pursuant to Title 28 U.S.C. § 1746 in support of his reply to the Government's opposition to strike and dismiss the defendant's notice of appeal and in support provides as follows:

1. The sequence of events in this case will clearly show that I filed his pleadings timely.

2. I received from Correction Officer Jackson and FMC-Lexington an envelope that contained my motions.

3. Rather than allow Petitioner to mail his documents from FMC-Lexington on December 15, 2009, the day I was transferred from that institution, the Lexington Receiving and Discharge officials which also handle the Mail Room, decided to take my legal documents and two other personal articles on the morning of December 15th 2009, and mailed them from Manchester, Kentucky, my new prison address.

4. Thus, because I intended to mail the documents from Lexington, Kentucky on December 15, 2009, the address underneath my signature page, merely reflected the address where I was incarcerated on the day the documents were signed.

5. Upon arriving at the Receiving and Discharge mail room on December 15, 2009 at approximately 8:00 a.m., my legal documents, and folders were taken from me by an FMC-Lexington Officer and given to the Receiving and Discharged Supervisor.

6. Correction Officer Jackson then mailed the documents to Manchester, Kentucky on that same day.

7. Petitioner did not receive the documents until days later because the documents were inadvertently sent to the medium security prison down the street.

8. I received the documents at the Manchester, ~~Lexington,~~ Kentucky correctional facility during mail call several days later.

9. The government had at their disposal, the ability to contact the Lexington prison officials, namely the Receiving and Discharge, the Mail Room or Correction Officer Jackson prior to attacking the untimely filing of the documents.

10. The attached exhibit to this affidavit, includes an address label which indicates the size and weight of the mailing and it further contains the postmark of FMC-Lexington's address stamp. It clearly shows that the correction officers at the current institution had to re-route the package and my name to it. As this Court can see from the address label on the package, Receiving and Discharge staff at

Lexington mailed my package to the Receiving and Discharge Mail room staff at Manchester.

Accordingly, contrary to the government's claim, the package was mailed at FMC Lexington it was actually forwarded to the Receiving and Discharge at my new federal prison camp.

The aforementioned statements are true and correct under penalty of Perjury pursuant to Title 28 U.S.C. § 1746.

Done this 27th day of January, 2010

Respectfully submitted,

Jeffrey Thomas

C/O J. THOMAS # 3695-044
MANCHESTER SCP
FEDERAL CORRECTIONAL INSTITUTION
805 FOX HOLLOW ROAD
MANCHESTER, KY 40962

0-B

02 1A
000420493A
MAILED FROM ZIP CODE

$ 02.58⁰
DEC 15 2009

UNITED STATES POSTAL SERVICE

U.S. OFFICIAL MAIL
PRIVATE USE $300

March 16, 2010

Exhibit G

Jeffrey Thomas - #30695-044
Manchester Federal Prison Camp
P.O. Box 4000
Manchester, KY 40962-4000

Case No. 4: 03-cr-470

Office Of The Clerk
U.S. District Court
E.D. Of Missouri
111 South 10th Street, 3rd Floor
St. Louis, MO 63102

Re: Second Copy Of Affidavit Of Truth In Support
Of My June 26, 2009 Notice Of Appeal And Objections
To The Court's June 18, 2009 Order Denying My
Rule 33(b)(1) Motion.

Dear Clerk:

Attached is an additional copy of my Affidavit
Of Truth forwarded to the Court in December 2009. I
had an acquaintance check the Pacer system to advise
me as to what documents had been docketed and filed
into the record of my case and he was unable to locate
certain documents, my Affidavit Of Truth being one of
them. He indicated that my Objections To The Court's
June 18, 2009 Order and Request For Reconsideration was

also not accessible via Pacer, apparently it has being withheld or placed under seal for some reason. In an attempt to ensure that the Court's files accurately reflects my filings, I am resubmitting another copy of my Affidavit of Truth and request Leave, to the extent required, to file the same into the record of my case, 4:03-cr-470. Please file the attached affidavit into the record of my case.

Your time and assistance are greatly appreciated.

Respectfully Submitted,

Jeffrey Thomas, Pro Se
#30645-044

Exhibit H

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT MISSOURI

JEFFREY THOMAS,
      Petitioner,


vs.                                 Docket No: 4:03-CR-00470


UNITED STATES OF AMERICA,
      Respondent,
_____/

### CERTIFICATE OF RE-FILING
### LOST NOTICE OF APPEAL AND DEFENDANT'S OBJECITONS
### T OTHE CUORT;S JUNE 18, 2009 ORDER DENYING RULE 33(b)(1) MOTION

Comes Now Jeffrey Thomas with this his Certificate of Re-filing Lost Notice of Appeal and in support provides as follows:

1. On June 18, 2009 this Court issued an order denying Petitioner's Rule 33 motion.

2. Petitioner, immediately on June 26, 2009, Petitioner timely filed a Notice of Appeal and "Defendant's Objections to the Court's June 18, 2009 Order Denying his Rule 33(b)(1) Motion, Request for Reconsideration of the Same and Requesting a Hearing.

3. Both motions were signed and mailed within 10 days of this Court's order. (See Copy of Notice Appeal and Defendant's Objection to the Court's June 18, 2009 Denying Rule 33(b)(1) Motion, Request for Reconsideration of the same attached hereto).

4. Since the Court has taken a substantial amount of time to answer Petitioner's pleadings, Petitioner assumed that his motions were filed and the Court was processing the file.

5. Petitioner wrote the Clerks Office after not hearing regarding the Notice of Appeal, however received no response to the Court. (See Appendix B)

6. Finally on October 30, 2009, Petitioner was able to have an acquaintance check the Court's PACER System who could not locate the filed Notice of Appeal.

7. Although there is a possibility that the Notice of Appeal and motion Objecting to the Court's June 18, 2009 Denying Rule 33(b)(1) Motion, Request for Reconsideration of the same were filed, they could not be located, so Petitioner has re-filed the original missing Notice of Appeal and Defendant's Objection to the Court's June 18, 2009 Denying Rule 33(b)(1) Motion, Request for Reconsideration of the same

8. Accordingly, Petitioner is re-filing a copy of the two motions that were filed and could not be located, lost or not mailed by the Federal Bureau of Prisons.

9. Petitioner's Notice of Appeal and Defendant's Objection to the Court's June 18, 2009 Denying Rule 33(b)(1) Motion, Request for Reconsideration were timely filed on the date the same was provided to Prison Authorities for mailing. See *Garvey v. Vaughn,* 993 F.2d 776 (11th Cir. 1993).

10. The Vaughn court addressed the perils that Petitoner suffers while filing his pleadings via the Federal Bureau of Prisons:

pro se prisoners are unable to file personally in the clerk's office, they cannot utilize the private express courier, and they cannot place a telephone call to

ascertain whether a document mailed for filing arrived. Not only do they lack the safeguards available to other litigants to insure that the court filings are timely, but also they do not have counsel to monitor the filing process. Importantly the pro se prisoner has no recourse other than to entrust his court filings to prison authorities to whom he has no control. … additionally, the pro se prisoner may be hindered in his filing by slow postal service or a court clerk's failing to stamp a document filed on the date received. Unstill in law, unaided in counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities – and the only information that he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice."

11. The Supreme Court in *Fallen v. United States,* 378 U.S. 139, 143-44, 84

S.Ct. 1689, 1692, 12 L.Ed.2d 76 (1974) has address that once an inmate files his

petition, the prison authorities in essence are considered the Clerk of the Court.

"Fallen recognizes that, once pro se litigants have deposited documents to be filed in

the prison mailbox, the 'jailer is in effect the Clerk of the Court.'" *Id.* 378 U.S. at

144, 84 S.Ct. at 1682-83 (Stuart, J., concurring)

12. Accordingly, Petitioner respectfully prays this Notice of Filling will suffice

for the filing of his Notice of Appeal and Defendant's Objection to the Court's June

18, 2009 Denying Rule 33(b)(1) Motion, Request for Reconsideration were not

delivered to the Clerk's Office although timely presented for filing.

Done this 23rd, day of December 2009

Respectfully submitted,

Jeffrey Thomas

Jeffrey Thomas
Register No.: 30695-044
Federal Medical Center – Bluegrass
P.O. Box 14500
Lexington, Kentucky 40512

**CERTIFICATE OF SERVICE**

I HERBY DO CERTIFY that a true and correct copy of this to: A. U. S. A. John Bodenhausen, 111 South 10th Street, Room 20.333, St. Louis, MO 63102 via the Federal Bureau of Prisons Legal Mail System with sufficient First Class Postage.

> I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 23rd day of December 2009 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.
>
> Jeffrey Thomas
> Jeffrey Thomas
> Register No.: 30695-044
> Federal Medical Center – Bluegrass
> P.O. Box 14500
> Lexington, Kentucky 40512



63102

1000

UNITED STATES
POSTAL SERVICE

RECEIVED
BY MAIL

OCT 1 4 2010

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

Jeffrey Thomas #20695-044
Mand
Onieda 15
PO Box 1500

To:

Office of The Clerk
United States District Court
Eastern District of Missouri
111 S. Tenth Street
St. Louis MO 63102