UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEFFREY THOMAS,                          )
                                         )
                 Movant,                 )
                                         )
        v.                               )      No. 4:08 CV 599 CEJ
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                 Respondent.             )

## GOVERNMENT'S RESPONSE TO COURT'S ORDER DATED AUGUST 1, 2011

COMES NOW the United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and John M. Bodenhausen,

Assistant United States Attorney for said District, and in response to this Court's Order and

request, dated August 1, 2011, (Doc. No. 34) states as follows:

## INTRODUCTION & RELEVANT PROCEDURAL BACKGROUND

In May 2005, a jury in the Eastern District of Missouri convicted Jeffrey Thomas

("Thomas") of various counts of mail fraud, wire fraud, bank fraud, and money laundering.  The

charges stemmed from schemes to defraud associated with Thomas's home building and real

estate activities.  In August 2005, this Court sentenced Thomas to 172 months of imprisonment.

The Eighth Circuit upheld the conviction and sentence on appeal.  See United States v. Thomas,

451 F.3d 543 (8th Cir. 2006).  Thomas filed a petition for certiorari, which was denied on

January 8, 2007.  Thereafter, Thomas filed a petition for rehearing before the Supreme Court,

which was denied on April 23, 2007.  Supreme Court Rule 16.3 provides that "[t]he order of

denial will not be suspended pending disposition of a petition for rehearing except by order of

the Court or a Justice."  Thus, the one-year limitations period for filing a § 2255 begins when

certiorari is denied, not when the Supreme Court rules on a petition for rehearing.  See, e.g., Clay v. United States, 537 U.S. 522, 524-25, 527, 529 n.4 (2003); United States v. McIntosh, 332 F.3d 550, 551 (8th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir.) (citing cases), cert. denied, 531 U.S. 878 (2000); Campa-Fabela v. United States, 339 F.3d 993, 994 (8th Cir. 2003) (citing other circuits and noting Supreme Court Rule 16.3), cert. denied, 541 U.S. 967 (2004); Giesberg v. Cockrell, 288 F.3d 268, 271 (5th Cir.) (Section 2254 context), cert. denied, 537 U.S. 1072 (2002); United States v. Willis, 202 F.3d 1279, 1280 (10th Cir. 2000).  The one-year limitations period for filing a § 2255 motion in Thomas's case began on January 8, 2007.  Therefore, a motion filed after January 8, 2008, would be untimely.

On or about April 21, 2008, Thomas filed a motion under 28 U.S.C. § 2255 attacking his conviction and sentence.  (Hereinafter "the April 2008 § 2255 Motion").  See 4:08 CV 599 Doc. 1.  Because the April 2008 § 2255 Motion was filed more than one year after Thomas's case became final, the government promptly moved to dismiss the motion as untimely.  Thomas responded to the government's motion to dismiss on June 13, 2008, for the first time claiming that he had mailed a prior § 2255 motion on January 3, 2008.  (Hereinafter "the January 2008 § 2255 Motion").  See 4:08 CV 599 Doc. 7.  Thomas provided a copy of the alleged January 2008 § 2255 Motion, as well as a motion for a 120-day extension of time to file an amended motion that he also claimed he mailed on January 3, 2008.  Id. Doc. 7-2.  Near the end of the motion for a 120-day extension was the signature of a notary named Vicki Talbert.  The January 2008 § 2255 Motion was not notarized.

As explained below, all of the objective evidence available indicates that the alleged January 2008 § 2255 Motion and associated motion for a 120-day extension were never actually mailed or filed.  In fact, Thomas swore under penalty of perjury in his April 2008 § 2255 Motion

2

that he had not filed any prior motions.  Moreover, the memorandum Thomas submitted with his April 2008 § 2255 Motion included a detailed procedural history that never once mentioned the alleged January 2008 § 2255 or any 120-day extension.

On June 19, 2009, the District Court denied Thomas's April 2008 § 2255 Motion, finding it untimely.  The District Court concluded that the record refuted any claim that Thomas had, in fact, mailed a prior, timely motion in January 2008.  The District Court also denied Thomas's request for a certificate of appealability because he failed to show the denial of a substantial constitutional right.  See 4:08 CV 599 Doc. 19.

Not deterred, Thomas filed a motion for reconsideration under Fed. R. Civ. P. 59(e) on July 2, 2009.  On August 14, 2009, Thomas filed both a notice of appeal as well as a motion to hold the notice of appeal in abeyance.  The government opposed the attempt to hold the notice of appeal in abeyance.  On October 20, 2010, the District Court denied Thomas's Rule 59(e) motion.  On November 9, 2010, Thomas mailed a notice of appeal.  On December 27, 2010, Thomas filed an application for a certificate of appealability with the Eighth Circuit.  That Court denied the application on March 31, 2011.

Thomas was given until June 15, 2011, to file any petition for rehearing.  Thomas filed his petition for rehearing on June 13, 2011.  In that petition, Thomas again argued that he had mailed a timely § 2255 motion in January 2008, based on the notarized signature of Ms. Talbert.  The government responded to Thomas's petition for rehearing.  On July 12, 2011, the Eighth Circuit remanded the case with instructions for this Court to consider four specific questions.  In response to the Eighth Circuit, on August 1, 2011, this Honorable Court directed the parties to submit memoranda regarding those four questions.  Each question is addressed below.

## ARGUMENT

The government submits that the Court's first two questions are not outcome determinative. The primary issue to be resolved involves the third question – whether Thomas mailed a § 2255 motion in January 2008, before the one-year limitations deadline expired. As explained below, the record in this case demonstrates that Thomas did not, in fact, mail or file any such motion. Further, a letter from Thomas from February 2008 further corroborates the record already before the Court. Accordingly, this Court correctly dismissed as untimely the § 2255 motion Thomas eventually filed in April 2008.

**(1)    Whether a BOP employee notarized a "Motion for Leave Requesting 120 Day Extension of Time" on January 3, 2008.**

The first question is directed to the notarization that accompanied the "Motion for Leave Requesting 120 Day Extension of Time" (Doc. 7-2), which was dated January 3, 2008. Submitted herewith as Government's Exhibit 1 is a Declaration of Vicki Talbert, the BOP employee. As indicated in the Declaration, Ms. Talbert has acknowledged that she is a notary, that she notarized documents for Thomas, and that it is her signature on the Motion for Leave. Ms. Talbert did not and would not review the contents of any document she notarized. Ms. Talbert did not witness Thomas mail anything.

It is not outcome determinative in this matter and the government has no reason to contest that a Motion for Leave was, in fact, notarized on January 3, 2008. However, notarization is not proof of mailing. Thomas has no proof at all that he mailed or filed the motions on January 3, 2008. The Court did not receive a copy and the government did not receive a service copy.

**(2)    Whether the Motion for a 120-Day Extension was attached to a Motion under § 2255 signed by Jeffrey Thomas and bearing the same date, January 3, 2008.**

The answer to this second question is not outcome determinative. The government has no

4

reason to dispute or contest this issue. On its face, it appears that the Motion for a 120-Day Extension was attached to a Motion under § 2255 at some time.[1] As demonstrated below, neither motion was actually mailed or filed.

**(3)   Whether Jeffrey Thomas promptly deposited the two motions in the prison mailbox on January 3, 2008.**

Thomas does not claim that Officer Talbert witnessed him mail either of the alleged January 2008 documents. See Petition for Rehearing at p. 2.[2] All of the objective evidence in this matter proves that Thomas did not mail or attempt to mail the Motion for a 120-Day Extension of Time and the Motion Under § 2255 dated January 3, 2008.

### A.   *The objective record already before the Court refutes Thomas's claim that he mailed a § 2255 motion in January 2008.*

On April 28, 2008, this Court docketed Thomas's April 2008 § 2255 Motion. That document purported to be mailed on April 21, 2008. As indicated above, the government moved to dismiss that motion as untimely. It was in his response to the government's motion to dismiss that Thomas first asserted a claim that he had previously mailed or filed any post-conviction motion. Never before had Thomas ever mentioned, referenced, or even alluded to a prior § 2255 motion.

In fact, the critical problem with Thomas's position regarding the alleged prior mailing is that it is totally contradicted by the record, including his other sworn pleadings. "A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because

---

[1] The documents were submitted together in June 2008, with Thomas's response to the government's motion to dismiss his April 2008 § 2255 Motion.

[2] A copy of that petition is submitted herewith as Exhibit 2.

they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)), cert. denied, 540 U.S. 1199 (2004).  See also Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders).  On the record before it, this Court was correct to not credit Thomas's belated claim of an earlier-filed motion.

Thomas's claim of having mailed a § 2255 motion in January 2008 is and was totally contradicted by the record and inherently incredible.  The following list summarizes the existing record at the time this Court dismissed Thomas's April 2008 § 2255 Motion as untimely.

      i.     On April 8, 2008, Thomas sent a handwritten, *pro se* request to the Clerk of Court, requesting a copy of the superseding indictment in his case.  See 4:03 CR 470 CEJ, Doc. No. 268.[3]  In that request, Thomas stated that he needed "the document ASAP in preparation of my 28 U.S.C. § 2255 appeal to be filed before 4/21/08." (Emphasis supplied.)  This request shows that Thomas mistakenly believed he had one-year from the time the Supreme Court denied his petition for rehearing in which to file a § 2255 motion.  There is no mention in this request of a prior motion for a 120-day extension or a prior § 2255 motion.  If Thomas truly had mailed / filed a motion for a 120-day extension on January 3, 2008, his April 8, 2008 *pro se* request would have referred to a deadline in the first week of May 2008, not April 21, 2008.[4]

      ii.     In his April 2008 § 2255 Motion, Thomas included a sworn representation that he had never filed a prior motion.  See 4:08 CV 599 CEJ Doc. 1 at ¶ 10, p. 14.  This fact alone is sufficient to refute Thomas's subsequent claim that he filed a prior motion in January 2008.

---

[3] A copy is submitted as Exhibit 3.

[4] As explained below, Thomas ultimately mailed a § 2255 motion dated April 21, 2008, which never once mentions a prior § 2255 motion nor any 120-day extension.

    iii.    The April 2008 § 2255 Motion does not refer to any prior § 2255 motion, any motion for a 120-day extension, or any of the arguments from a prior § 2255 motion.  The April 2008 § 2255 Motion lists nine grounds and states those grounds as if this were the first and only time those grounds were raised by Thomas.  The grounds identified in the April 2008 § 2255 Motion do not track the grounds in the alleged January 2008 § 2255 Motion numerically or logically.  Had Thomas actually filed a prior § 2255 motion or a motion for an extension of time, surely he would have referred to those motions in some way or fashion.  Thomas did not because no such motions had ever been mailed or filed.

    iv.    Thomas's April 2008 § 2255 Motion included a detailed memorandum in support.  That memorandum included a section dedicated to the procedural history of his case.  See id. Doc. 1-2 at pp. 1-2.  Nowhere in that procedural history, not even once, did Thomas refer to or mention a prior § 2255 motion, a prior motion for a 120-day extension, or any prior post-conviction arguments presented to this or any other Court.  This fact alone would be sufficient to refute a claim that Thomas filed a prior motion in January 2008.

    v.    The motion for a 120-day extension allegedly mailed in January 2008 also identified specific claims Thomas intended to raise later in the § 2255 action.  Those claims referred to alleged Brady violations.  See 4:08 CV 599 CEJ Doc. 7-2.  The April 2008 § 2255 does not raise, argue, refer to, or otherwise include any such claims.

In summary, the objective record already before the Court clearly and with certainty refutes Thomas's claim that he filed a § 2255 motion in January 2008.  The government does not dispute that, in June 2008, Thomas produced an alleged motion for a 120-day extension of time with the notarized signature of a corrections officer.  There is no credible evidence whatsoever to show that Thomas actually mailed that motion or a timely § 2255 motion in January 2008.  To the

contrary, on or about April 8, 2008, Thomas advised the Clerk of Court of his plans to file a §
2255 motion before April 21, 2008.  In the § 2255 motion he filed in April 2008, Thomas swore
to this Court, <u>under penalty of perjury</u>, that he had not filed any such motions prior to April 21,
2008.  Further, the § 2255 motion Thomas actually filed in April 2008 did not refer to any prior
motion, any prior arguments, or any motion for an extension of time.  The motion Thomas filed
in April 2008 did not contain the arguments he claimed he was going to raise in his alleged
Motion for an Extension of Time.

The record shows, therefore, that the first § 2255 motion that Thomas actually mailed and
filed, was the motion dated April 21, 2008.  Because that motion was filed more than three
months out-of-time, this Court properly denied the motion and denied a certificate of
appealability.  It is of no consequence that Thomas mistakenly believed that the one-year
limitations period did not expire until one year after the Supreme Court denied his petition for
rehearing of the denial of his certiorari petition.  <u>See</u> <u>McIntosh</u>, 332 F.3d at 551 (affirming
dismissal of motion filed out of time due to mistaken belief that finality was set on the date
denial of certiorari was docketed in district court not the date on the Supreme Court's order);
<u>Marcello</u>, 212 F.3d at 1010 (one day late); <u>Adams v. United States</u>, 173 F.3d 1339, 1340, 1343
(11th Cir. 1999) (affirming dismissal, mistake as to date of denial of certiorari did not excuse
tardy motion).

   **B.**   ***Additional evidence corroborates the record evidence that Thomas did not file or
mail a § 2255 motion in January 2008.***

In addition to the evidence already in the record, submitted herewith as Government's
Exhibit 4, is a letter, dated February 18, 2008, from Thomas to Assistant United States Attorneys

John M. Bodenhausen and Michael W. Reap.[5]  In the very first paragraph of this letter, Thomas states that he is "<u>preparing to file</u> a post conviction motion to attack the invalidity of [his] conviction and sentence."  (Emphasis supplied.)  Moreover, in the fourth paragraph on the second page of the February 18, 2008 letter, Thomas states that he "would like to resolve the issues without having to file motions with the court or seek redress of the deprivations in a § 2255 petition and under 42 U.S.C. § 1983 and 28 U.S.C. § 1331."  The February 18, 2008 letter makes no reference to any previously filed post-conviction motion nor any previously filed motion for a 120 day extension of time.  To the contrary, the February 18, 2008 letter is consistent with the record already before the Court – Thomas intended to file his § 2255 motion in April 2008 and did not, in fact, mail or file any such motion in January 2008.

The February 18, 2008 letter bears internal indicia of reliability.  It is directed to the prosecutors who tried Thomas's case.  The signature appears identical to the signature on documents Thomas has filed with the Court.  The letter and accompanying "Notice of Formal Complaint" refer to numerous facts and circumstances unique to Thomas.

Moreover, Thomas himself refers to the February 18, 2008 letter in a March 2008, *pro se* pleading with this Court.  In particular, on March 7, 2008, Thomas filed a pleading styled "Motion to Correct the Record."  <u>See</u> 4:03 CR 470 CEJ Doc. No. 266 (copy submitted herewith as Government's Exhibit 5).  In his Motion to Correct the Record, Thomas refers specifically to the "Notice of Formal Complaint" and explains that he served that notice on the U.S. Attorney's

---

[5] Exhibit 4 is split into two parts.  Exhibit 4A is a copy of the February 18, 2008, letter; Exhibit 4B is a copy of the first page of the attachment to the letter.  That first page is entitled "Notice of Formal Complaint."

Office for the Eastern District of Missouri.  See id. at ¶ 3.[6]

> **C.  Conclusion - All of the objective evidence refutes any claim that Thomas mailed or filed a § 2255 motion and a motion for a 120-day extension in January 2008.**

For the foregoing reasons, Thomas's claim that he mailed a § 2255 motion in January 2008 is contradicted by the record and inherently incredible.  Thus, this Court properly dismissed Thomas's April 2008 § 2255 motion as untimely and denied a certificate of appealability. Accordingly, there is no reason to consider the fourth question posed in the Court's August 1, 2011 Order.

**(4)   Whether the April 28, 2008 § 2255 Motion should be deemed an amendment to or a substitution for an earlier filed, timely motion.**

Because the answer to question (3) above is in the negative, question (4) is moot.  On the existing record question (4) cannot be logically answered.  The April 2008 § 2255 Motion makes no mention whatsoever of any earlier motion.  The April 2008 § 2255 Motion actually denies the existence of an earlier motion.  Thus, it was not intended by Thomas to be either an amendment or a substitution of anything.  It was, simply put, an out-of-time original motion, properly subject to dismissal.  Thus, one cannot say that the April 2008 § 2255 Motion was a substitute or an amendment.  Moreover, to the extent the April 2008 § 2255 Motion materially differs from the alleged January 2008 § 2255 Motion, it was untimely.  The government would not and has not agreed to any 120-extension of time to allow Thomas to file otherwise out-of-time arguments and issues.

---

[6] It is worth noting that nowhere in his Motion to Correct the Record does Thomas mention or inquire about his alleged January 2008 motion for a 120-day extension of time.  In fact, nowhere does Thomas check to see why the Court has ruled on other matters but not on his alleged motion for an extension of time.

10

## CONCLUSION

In view of the foregoing, the government submits that Thomas has not and cannot demonstrate that he mailed or filed a timely § 2255 motion in January 2008, before the one-year deadline expired.  Moreover, there is no basis for this Court to hold an evidentiary hearing on the matter because the requisite issues may be fully and completely resolved on the basis of the record now before the Court.

WHEREFORE, the government respectfully requests this Honorable Court to:  (1) find that Thomas did not mail or file a § 2255 motion in January 2008; (2) conclude that Thomas's April 2008 § 2255 Motion was properly dismissed as untimely; (3) deny an evidentiary hearing; and (4) deny a certificate of appealability.

Respectfully submitted,

JOHN M. BODENHAUSEN
United States Attorney

  /s/ John M. Bodenhausen
By:  JOHN M. BODENHAUSEN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on  August 31, 2011  a copy of the foregoing was filed electronically with the Court's CM/ECF system and mailed postage prepaid United States mail to:

Jeffrey Thomas, No. 30695-044
FCI Manchester
P.O. Box 4000
Manchester, KY 40962

 /s/ John M. Bodenhausen
ASSISTANT UNITED STATES ATTORNEY

I, Vicki Talbert, do hereby state and declare as follows:

    1.      I am currently retired from the United States Bureau of Prisons.

    2.      I was working for the Bureau of Prisons in January 2008 at FMC Lexington, Kentucky.  At that time, I was a notary public and routinely notarized documents for inmates.  I did not read the documents that I notarized.  I did not verify that inmates mailed or in any way delivered documents that I notarized.

    3.      In preparing this sworn declaration, I was provided a copy of the last page of a document that purports to have been notarized by me on January 3, 2008.  That document is attached to this declaration as Exhibit 1.   The signature on the attached document is mine.  I do not specifically recall notarizing this particular document or the related circumstances.  I recall Jeffrey Thomas and I did notarize documents on occasion for Jeffrey Thomas.  I did not read and do not recall the contents of the attached document.  I do not know if the document with my signature was mailed or filed.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

    Further affiant sayeth not.

_Vicki Talbert_
VICKI TALBERT

8/12/2011
DATE

2011 AUG 15  AM 11: 17
RECEIVED
U.S. ATTORNEY'S OFFICE
ST. LOUIS, MISSOURI

GOVERNMENT
EXHIBIT

CARDELS 800.783.0399

1

and argue all of his consitutional claims and such extension is necessary to allow his new legal counsel to review his notes, research, and desired issues for full briefing.

9.  This request is being made for good cause and not to frustrate the proceedings and no interested party will be prejudiced should the Court grant Petitioner Jeffrey Thomas's request made herein.

WHEREFORE: Petitioner Jeffrey Thomas respectfully prays this Honorable Court grant this motion For Leave Requesting a 120 Day Extension of Time Within Which To File An Amended §2255 Petition And To File A More Detailed Memorandum Of Law With Relevant Points and Authorities In Support.

Executed this 3 day of January 2008.

Further Affiant Sayeth Not.

Done this 3rd day of January 2008. A.D.

All Rights Reserved,

*Jeffrey Thomas* — # 30695-044
Jeffrey Thomas Affiant

NOTARY STATEMENT

The state of Kentucky  )
                   ) Scilicet
Fayette County  )

    Before me, a Notary Public for the State of Kentucky, Fayette County personally appeared Jeffrey Thomas known to me( or provided to me on the basis of satisfactory evidence) to be the man whose name is subscribed to the within instrument, and being duly sworn according to law did affirm and subscribe to the foregoing under the penalties of perjury on This  3rd day of  January   2008 A.D.

WITNESS MY HAND AND OFFICIAL SEAL.

*Vicki Talbert*
NOTARY SIGNATURE
Notary Public for Kentucky
Fayette County
My Commission Expires: 6/27/2010   (Seal)



FILED

JUN 21 2011

MICHAEL GANS
CLERK OF COURT

# NO: 10-3841

## In The
## United States Court of Appeals
## For the Eight Circuit

---

**JEFFREY THOMAS**

*Petitioner – Appellant,*

vs

**UNITED STATES OF AMERICA**

*Respondent – Appellee,*

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

---

## PETITION FOR PANEL REHEARING AND SUGGESTION FOR REHEARING EN-BANC

---

Jeffrey Thomas
Register No.: 30695-044
Federal Correctional Institution
P.O. Box 4000
Manchester, KY 40962

GOVERNMENT
EXHIBIT
2

CARDLES 800-783-0399

# TABLE OF CONTENTS

STATEMENT OF THE ISSUE ASSERTED TO MERIT *EN-BANC* CONSIDERATION ..............................................................................

STATEMENT OF THE COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE .......................................................................

REASONS FOR GRANTING A PETITION FOR REHEARING *EN-BANC* .

*EN BANC* REHEARING SHOULD BE GRATED TO CLARIFY IF A TIMELY FILED INMATE PLEADING THAT NEVER ARRIVES TO THE DISTRICT COURT OR IS LOST IN THE MAIL CAN BE CONSIDERED TIMELY FILED AS PER THE SUPREME COURT'S DECISION IN *HOUSTON V. LACK*, 487 U. S. 266 (1988) WHEN THE PLEADING IS PROVIDED TO PRISON AUTHORITIES FOR MAILING VIA THE PRISON'S LEGAL MAIL SYSTEM ...............................................................

CONCLUSION ...............................................................................

CERTIFICATE OF SERVICE .......................................................................

## TABLE OF AUTHORITIES

*Anderson v. United States*, 966 F.2d 487 (9th Cir. 1992) ................................. 7, 8, 9

*Barry v. Videojet Sys. Int'l, Inc.*, 1995 U.S. Dist. LEXIS 13421 (N.D. Ill. Sept. 12, 1995) ................................................................................................................. 7

*Carroll v. Comm'r*, 71 F.3d 1228 (6th Cir. 1995) ....................................... 7

*Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993) .................................... 7

*Houston v. Lack*, 487 U.S. 266 (1988) ........................................... *passim*

*Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) ......................... 6, 9

*Palo Alto Town and Country Village, Inc. v. BBTC Co.*, 11 Cal. 3d 494, 521 P.2d 1097, 1100-01, 113 Cal. Rptr. 705 (Cal. 1974) ................................... 7

*United States v. Payne*, 4:01-CR-476 (E. D. Missouri) ............................ 9

*Worms v. Burgess*, 620 P.2d 455 (Okla. Ct. App. 1980) .......................... 6

### Statutes

Title 21 USC § 851 ................................................................................ 9

Title 26 U.S.C. § 7502 .......................................................................... 7

Title 26 U.S.C. § 7502(a) ..................................................................... 7

Title 26 U.S.C. § 7502(c)(1) ................................................................ 7

Title 28 U.S.C. § 2255 ................................................................... 2, 3, 5

## STATEMENT OF THE ISSUE ASSERTED TO
## MERIT EN-BANC CONSIDERATION

Pursuant to Rule 35(a)(2), 35(b)(1)(A) and 35(b)(1)(B) of the Federal Rules of Appellate Procedure, Rehearing and Suggestions for Rehearing En-Banc should be considered since the brief addresses an issue of exceptional and unique circumstances.

By granting the petition for Rehearing and Suggestion for Rehearing En Banc this Court will have the opportunity to address whether current Supreme Court precedent should be applied to unique circumstances.

1

## STATEMENT OF THE COURSE OF PROCEEDINGS
## AND DISPOSITION OF THE CASE

1.  On January 3, 2008, Thomas timely filed a Title 28 U.S.C. § 2255 by providing the same to prison authorities for mailing via the prisons legal mail system. (D. E. 1)[1]

2.  The motion also included a request for a 120-day extension to file a detailed memorandum of law with supporting authorities which was notarized by BOP Prison Staff, Vicky Talbert.

3.  Subsequent to Ms. Talbert notarizing the motion, Thomas then took the motion to FMC-Lexington's mailroom and deposited his motion in the institution's only authorized Legal Mail Box with sufficient prepaid first class postage affixed for mailing to the District Court.

4.  Unfortunately, and unknown to Thomas, the pleadings were either lost in the mail or not docketed by the Clerk's Office.

5.  On April 28, 2008, the Clerk's office filed Thomas's additional claims and memorandum of law as per the requested 120-day extension from the January 3, 2008 filing.

6.  When it became evident to Thomas that the January 3, 2008 pleading was misplaced, he filed his Reply Brief with the January 3, 2008 pleadings *attached as an exhibit* explaining to the Court that the motion was mailed via the Prison's

---

[1] D.E. Refers to the Docket Sheet in the District Court.

2

Legal Mail system with sufficient First Class postage with the notary signature of

Vicky Talbert[2] attesting the filed date.

8.   Ultimately, the District Court denied the Title 28 U.S.C. § 2255 petition as

untimely.

9.   Thomas proceeded on appeal; however, the January 3, 2008 pleading was

never filed and never considered by this Court when the request for a Certificate of

Appelability was denied.

---

[2] Vicky Talbert is a Federal Bureau of Prison's staff member that notarized the
motion when filed on January 3, 2008.

3

## REASONS FOR GRANTING A PETITION
## FOR REHEARING EN-BANC

A Petition for Rehearing En-Banc is required given that the;

"(A) the panel decision conflicts with a decision of the United States Supreme Court in *Houston v. Lack,* 487 U.S. 266 (1988) so consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions," and,

"(B) the proceeding involves a questions of exceptional importance, since the petition asserts that a proceeding presents a question of exceptional importance since involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue.

4

## ARGUMENT

**EN BANC REHEARING SHOULD BE GRATED TO CLARIFY IF A TIMELY FILED INMATE PLEADING THAT NEVER ARRIVES AT THE DISTRICT COURT OR IS LOST IN THE MAIL CAN BE CONSIDERED TIMELY FILED AS PER THE SUPREME COURT'S DECISION IN *HOUSTON V. LACK*, 487 U. S. 266 (1988) WHEN THE PLEADING IS PROVIDED TO PRISON AUTHORITIES FOR MAILING VIA THE PRISON'S ONLY LEGAL MAIL SYSTEM**

The Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988) held that a prisoner's notice of appeal is deemed "filed at the time [he] deliver[s]it to the prison authorities for forwarding to the court clerk." 487 U.S. at 276.

With *Houston v. Lack*, 487 U.S. 266 (1988) as a backdrop, a panel of this court denied the request for Certificate of Appealability affirming the District Court's decision that a Title 28 U.S.C. § 2255 was untimely filed because the pleading *never* arrived at the Clerk's office for filing. What distinguishes Thomas' case from the average late filing, is that the pleading that was mailed via the Prison's Legal Mail System never arrived or was misplaced by the Clerk's office and not filed at all.

This Court has not addressed whether an inmate filed pleading that *never arrives* at the Clerk's office, can be considered timely filed once the same is provided to prison authorities in light of the Supreme Court's precedent in *Houston v. Lack*, 487 U. S. 266 (1988).

5

The Ninth Circuit in *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) addressed that the *Houston's* rationale applies in a situation where a pleading is timely filed, but never arrives at the Clerk's Office:

> "We hold that *Houston's* rationale applies with equal force in such a case. In developing the prison mailbox rule, *Houston* noted that prisoners "cannot take the steps other litigants can take to monitor the processing of their [documents] and to ensure that the court clerk receives and stamps them before" the applicable deadlines. 487 U.S. at 270-71. Moreover, prison officials may have an incentive to delay prisoners' court filings, and prisoners will have a hard time proving that the officials did so. *Id.* at 271. A prisoner's control over the filing of his petition ceases when he delivers it to prison officials. *Id.* at 270-71. Whether or not the petition is actually placed in the mail, delivered to the court or filed once it arrives there, are all matters beyond the prisoner's control. A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.

*Id.* at 1223.

The Ninth Circuit's interpretation of *Houston* is consistent with other applications of the mailbox rule. In contract law for example, once an offer is made, acceptance is effective when put in the mail, and the offer can't thereafter be revoked. Restatement (Second) of Contracts § 63 (1979); 1 E. Allan Farnsworth, Farnsworth on Contracts § 3.22, at 315 (2d ed. 1998) (citing *Adams v. Lindsell*, 106 Eng. Rep. 250 (K.B. 1818)). This rule applies even if the mailed acceptance never arrives. *See Worms v. Burgess*, 620 P.2d 455, 458-59 (Okla. Ct. App. 1980) (an option was properly exercised when the acceptance was mailed, even though it was never received); *Palo Alto Town and Country Village, Inc. v. BBTC Co.*, 11

6

Cal. 3d 494, 521 P.2d 1097, 1100-01, 113 Cal. Rptr. 705 (Cal. 1974) (in bank) (same); Farnsworth, supra,§ 3.22 at 319-20.[3]

In fact, under the mailbox rule codified at 26 U.S.C. § 7502, tax returns or Tax Court petitions are deemed filed on the postmark date. 26 U.S.C. § 7502(a). If the Service claims it never received the document, a taxpayer can prove timely mailing by pointing to the postmark date on the certified or registered mail receipt he got when he mailed the document. 26 U.S.C. § 7502(c)(1) & (2); *Anderson v. United States*, 966 F.2d 487, 490 (9th Cir. 1992); *Carroll v. Comm'r*, 71 F.3d 1228, 1230-31 (6th Cir. 1995); Internal Revenue Serv., Dep't of the Treasury, Your Federal Income Tax (Publication 17) 11 (2001).

The Eleventh Circuit in *Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993) articulated the nightmares that Thomas must go through when a pleading is released from his hands and is placed in the control of prison authorities for delivery to the court. The *Vaughn* court exlained that:

> "Pro se prisoners are unable to file person in the clerk's office, they cannot utilize the private express couriers, and they cannot place a telephone call to ascertain whether a document mailed for filing

---

[3] Similarly, insurance premiums are deemed paid when mailed. *Barry v. Videojet Sys. Int'l, Inc.*, 1995 U.S. Dist. LEXIS 13421, No. 93 C 6095, 1995 WL 548592, *3-*4 (N.D. Ill. Sept. 12, 1995). This is true even when "the mailed premium does not reach the destination at all." 5 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 73.62 at 73-95 (1997); see *Barry*, 1995 WL 548592 at *3-*4 (plaintiff made timely premium payment by mailing it, even though the insurer never got it).

7

arrived.   Not only do they lack the safeguards available to other litigants to ensure that the court filings are timely, but also they do not have the counsel to monitor the filing process.  Importantly, the pro se prisoner has no recourse other than to entrust the court filings to prison authorities to whom he has no control. ...  Additionally, the pro se prisoner may be hindered by the filing of a slow postal service or a court clerk's failure to stamp a document filed on the date received.  Unskilled in the law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public official to whom he has access – the prison authorities – and the only information that he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice."

In Thoma's case, there was notarized document on the missing pleading signed by Vicky Talbert, a FBOP employee attesting to the timely dating and mailing of the documents. This was sufficient to give rise to the presumption that the documents were mailed and thus, filed. See *Anderson v. United States*, 966 F.2d 487, 489-91 (9th Cir. 1992)(citing *Estate of Wood* and holding that taxpayer's testimony that she saw *postal clerk* postmark her tax return and place it in the mail was sufficient to prove filing); *Parker-Comer v. United States*, 1999 U.S. Dist. LEXIS 21354 (W.D. Ark. Sept. 15, 1999)

The closes the Eight Circuit has come to following the Ninth Circuit's decision in *Carey* at least in theory to civil non-inmate filed cases, was in *Am. Boat Co., Inc. v. Unknown Sunken Barge*, 2008 U.S. Dist. LEXIS 32828 (E.D. Mo. Apr. 22, 2008) There, the Court determined that "proof that the transmitted item is not in the recipient's possession is not sufficient to rebut the presumption of receipt." *Id.*

8

The same analogy should be applied to inmate filed cases that never arrive at the Clerk's Office.

Ironically, in *United States v. Payne,* 4:01-CR-476, *the same District Court Clerks Office* misplaced the filing of Title 21 USC § 851 pleading. The Court in that case directed the same be filed *as per the date alleged on the document*. "The [District] Court conclude[d] that a mechanical error occurred in the Clerk's Office which caused the original Criminal Information to become lost or misplaced, as the document was received by the Clerk but never filed and made a part of the official court record." *Id. United States v. Payne,* 4:01-CR-476 [D.E. 543]

As such, since Thomas immediately acted on the missing pleading, the District Court was required to acknowledge the timely filing. This Court's rationale should be consistent with the Ninth Circuit's decision in *Huizar v. Carey,* 273 F.3d 1220 (9th Cir. 2001) and the Supreme Court's decision in *Houston v. Lack,* 487 U. S. 266 (1988).

9

## CONCLUSION

WHEREFORE, Appellant Jeffrey Thomas respectfully prays that this Honorable Court grants this Petition for Rehearing and/or Suggestion for Rehearing En-Banc on the merits presented herein and that this Honorable Court will remand this case back to the District Court to address the timely filing of the January 3, 2008 petition.

Done this 13th June, 2011

Jeffrey Thomas
Register No.: 30695-044
Federal Correctional Institution—Camp
P.O. Box 4000
Manchester, Ky 40962—4000

10

## CERTIFICATE OF SERVICE

I HERBY DO CERTIFY that a true and correct copy of this to: A. U. S. A. John Bodenhausen, 111 South 10th Street, Room 20.333, St. Louis, MO 63102 via the Federal Bureau of Prison's Legal Mail System, with sufficient First Class Postage affixed thereto.

Done this 13th June, 2011

*Jeffrey Thom*

Jeffrey Thomas
Register No.: 30695-044
Federal Correctional Institution – Camp
P.O. Box 4000
Manchester, Ky 40962–4000

11

April 08, 2008

RECEIVED
BY MAIL

APR 1 4 2008

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

Office Of The Clerk
United States District Court
Eastern District Of Missouri
111 S. Tenth Street, Suite 3.300
St. Louis, MO 63102

Re: Copy Of Final Superceding Indictment In Case No.
4:03cr470 CEJ

Dear Clerk:

Please accept this letter as my request for a copy
of the Superceding Indictment in my case no. 4:03cr470.

I need the document ASAP in preparation of my
28 U.S.C. §2255 appeal to be filed before 4/21/08.

Your time, interest, and assistance are greatly
appreciated. Thanks for your immediate processing of
this urgent request.

With Respect,
Jeffrey Thomas
#30695-044

GOVERNMENT
EXHIBIT
3

CADELS 800-783-0399

Jeffrey Thomas - #30695-044
Federal Medical Center - Bluegrass
P.O. Box 14500
Lexington, KY 40512-4501

Legal Mail
Urgent Request

RECEIVED
BY MAIL

APR 14 2008

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

63102+1125 C009

LEXINGTON KY 405
16 APR 2008 PM 3 T

Office Of The Clerk
United States District Court
Eastern District Of Missouri
111 S. Tenth Street, Room 3.300
St. Louis, Missouri 63102

February 18 ,2008

UNITED STATES ATTORNEYS OFFICE
John M. Bodenhausen and Michael W. Reap,AUSA's
111 S. Tenth Street, Room 20.333
St. Louis, Missouri 63102

Dear Mr. Reap and Mr. Bodenhausen:

　　Attached is a Civil Complaint and Affidavit that requires
your immediate attention and timely response. As you are probably
aware, I am preparing to file a post conviction motion to attack
the invalidity of my conviction and sentence. In investigating
the facts of the case, I discovered a number of Fourth, fifth,
and sixth violations caused by deliberate acts of federal
officials. At least seven pieces of evidence that I have recently
discovered constitutes newly discovered evidence and may form the
basis for a Motion for New Trial under Rule 33 of Fed.R.Cr.P..

　　At least seven pieces of the newly discovered evidence was
material to a proper defense of the case and without question was
known to the government but unknown to me and appointed counsel.
The deliberate concealment and suppression of the material
evidence denied me due process of law, the fundamental fairness
required to wit a fair trial, effective assistance of counsel,
right to a suppression hearing, compulsory process and interfered
with my Sixth Amendment autonomy right to direct the course of my
defense which even an indigent defendant has in a criminal trial.

　　Some of the violations by federal officials acting Under
Color of Law where constitutional and criminal. Because the re-
cord demonstrates a reckless indifference for my constitutional
rights and the criminal justice process, I am preparing to file a
federal complaint against federal officials under 42 U.S.C§1983
and 28 U.S.C.§1331 to redress my injuries and expose the acts and
criminal conduct of federal agents and officials. The federal
agents actions also contravene 18 U.S.C.§241 and 242.

　　Because of the seriousness of the violations by federal
officials and U.S. Attorneys Office knowledge and involvement,
I will be requesting that the court appoint counsel to assist me
given that the violations by federal agents constructively denied
me effective of assistance of counsel on Direct Appeal. The
government's knowing and willful concealment and suppression of
evidence that was material to my defense contravened Brady v.
Maryland and constructively denied me counsel during pretrial,
trial and direct appeal.



GOVERNMENT
EXHIBIT
4A

My first appeal was a matter of right and was to determine whether I had been lawfully convicted. When counsel file the appeal, I had not previously had an adequate opportunity to present my claims fairly in the appellate process. It has long been recognized that the right to counsel is the right to effective assistance. The Supreme Court has emphasized this in a line of cases. The government's deliberate suppression of material evidence rendered counsel's performance at trial and appeal nominal at best. But nominal representation at trial does not suffice to render the proceedings constitutionally adequate. A party whose counsel is unable to provide effective representation is in no better position that one who has no counsel at all. My first appeal as of right therefore was not adjudicated in accord with due process of law because I did not have constitutionally effective assistance of counsel. The Brady violations denied me a fair trial and appeal.

The attached Affidavit-Notice of Complaint with Opportunity To cure Deprivations Chronicles the more flagrant violations by federal agents and cooperating law enforcement officials. Your office is aware of the issues but failed to disclose the evidence to me as required.

I am preparing to file a detailed Motion for New Trial pursuant to Rule 33 of Federal Rules of Criminal Procedure and within that motion I will layout the violations with even greater specificity and support the motion with a detailed memorandum of law citing the court to United States v. Agurs, 427 U.S. 97,96 S. Ct. 2392, 49 L. Ed. 2d 342(1976). United States v. Polisi (1969, CA2 NY) 416F. 2d 573; and United States v. Librach (1979, CA 8 MO) 602 F. 2d 165; and several recent cases. In Librach, the Eighth Circuit held, "on motion for new trial based on newly discovered evidence available to prosecutor and not submitted to defense, defendant should not have to satisfy severe burden of demonstrating that newly discovered evidence probably would have resulted in an acquittal.

Because of the seriousness of the issues and the fact that my freedom and liberties have been unconstitutionally taken away from me, combined with the fact that you knew or, certainly should have known of the violations cited in my affidavit, I would like to resolve the issues without having to file motions with the court or seek redress of the deprivations in a §2255 petition and under 42 U.S.C.§1983 and 28 U.S.C.§1331.

Unless I receive a prompt and earnest reply to this letter, I will immediately proceed with legal action against Chesterfield Police Department, City of Chesterfield, St. Louis County Police Department, and the officers, federal agents, and detectives involved in my arrest on March 14, 2003 and the malicious warrant that was placed for my arrest.

Because of the flagrant manner in which federal officials acted and, the abuse inflicted on my 4 and 10 year minor daughters I will be filing complaints and sending affidavit copies to certain civil rights and child welfare agencies as well as specific news media personnel, if you fail  to respond to this complaint.

I believe the agents criminal acts should be exposed and your office should promptly respond and be made to answer the complaint. The background and facts clearly show that federal agents orchestrated the March 14, 2003 arrest of me and that your office was involved. The warrantless searches and psychological and emotional damage inflicted on my two minor daughters by federal agents must be addressed.

Futher, I would like to avoid having to file a formal complaint and lawsuit under 42 U.S.C.§1983 and 28 U.S.C.§1331 to redress the injuries sustained by myself, wife, and minor children as a result of federal and state officials unconstitutional actions Under Color of Law.

I have had communications with several civil rights attorney who specialize in lawsuits dealing with deprivations of rights by federal and state law enforcement officials and will execute a pro bono representation if we are unable to satisfactorily resolve the issues.

In an effort to reach a satisfactory resolution to the issue I will await your prompt response before taking any further action. However, unless I receive a good faith reply to this communication by March 12, 2008, I will assume that your office do not intend to respond.

I will kindly await your response. Your time, interest and immediate attention to the issues are greatly appreciated. You may work through Mr. Demerath if you choose.

Respectfully Submitted,

*Jeffrey Thomas*

Jeffrey Thomas

*Without Prejudice*

NOTICE OF FORMAL COMPLAINT, AND RESERVATION OF RIGHT FOR
INITIATING A CIVIL RIGHTS LAWSUIT AGAINST THE FEDERAL OFFICIALS
NAMED HEREIN, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY FOR
DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW IN
VIOLATION 18 U.S.C.§§241 and 242, AND OPPORTUNITY TO CURE
DEPRIVATIONS OF CONSTITUTIONALS RIGHTS AND INJURY.

STATE OF KENTUCKY   )
                    )  scilicet
COUNTY OF FAYETTE   )

        CONSTRUCTIVE NOTICE is hereby given you Assistant
United states Attorneys John M. Bodenhausen, a/k/a
JOHN M. BODENHAUSEN and MICHAEL W. REAP a/k/a
Michael W. Reap, and those who you represent i.e.,
United States Attorneys Office and United States,
et al, if this affidavit is not properly rebutted
with a counter-affidavit within twenty (20) days
from the date of its mailing, all paragraphs not
denied shall be accepted as dispositive, conclusive
facts by you or other delegated authority, had the
opportunity and "FAILED TO PLEAD".

        This is lawful notification and is sent pursuant
to the federal constitution, specifically, the Bill
of Rights, in particular the First, Fourth, Fifth,
Sixth, Seventh, Ninth, and Tenth Amendments, and
pursuant to your oath, and requires your written
response to me specific to the subject matter. Your
failure to respond, as stipulated, and rebut, with
particularity, everything in this affidavit with which
you disagree, is your lawful, legal and binding agree-
ment with and admission to the facts that everything
in this affidavit is true correct, legal, lawful, and
fully binding upon in any court in America, without
your protest or objection or that of those who
represent you. Your silence is your acquiescence.
Notification of legal responsibility is the first
essential of due process of law. Silence can only be
equated with fraud where there is a legal or moral
duty to speak or when an inquiry left unanswered
would be intentionally misleading.

        That, I Jeffrey Thomas, a living breathing man, being first
duly sworn, depose and say and declare by my Notarized Signature
that the following are true to the best of my knowledge and
belief. Affiant states the following:

        1) That, on August 12 2005, affiant was sentenced in United
States District Court, Eastern District of Missouri in case no.
4:03 CR 470, to 172 months imprisonment plus 60 months Supervised
Release for alledged violations of 18 U.S.C. §§2, 1341, 1343,
1344, and 1957 which allegedly constituted crimes against the
United States.


GOVERNMENT
EXHIBIT
4B

RECEIVED
BY MAIL

MAR 0 7 2008

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,     )
              Plaintiff,      )
                              )
v.                            )     No. 4:03-CR-470 (CEJ)
                              )
JEFFREY THOMAS,               )
              Defendant.      )

_____     _____

## MOTION TO CORRECT THE RECORD

COMES NOW, Defendant Jeffrey Thomas, pro se, and does hereby move this Honorable Court to correct the record in case No. 4:03-CR-470 (CEJ).

In support of this Motion To Correct The Record, Defendant Jeffrey Thomas states the following:

1. Defendant did not intend to file nor cause to be filed a motion with this Honorable Court for any documents as referenced in this Court's February 28, 2008 Order denying a motion alledgedly file by Defendant Jeffrey Thomas.

2. The Government's Disclosure Statement Re "Jeffrey Thomas'" Private Administrative Remedy JT107 was served on the United States Attorney's Office as a "private", non-public matter, and should not have been filed with the Clerk of this Court by the government.

3. The said referenced Disclosure Statement was served on the United States Attorney's Office for the Eastern District of Missouri together with a 14 page Commercial Affidavit titled,

1



"Notice of Formal Complaint, and Reservation of Right for Initiating a Civil Rights lawsuit against the Federal Officials named herein, in their Official and individual capacity for Deprivation of Constitutional Rights under Color of Law in violation 18 U.S.C. §§ 241 and 242, and Opportunity to Cure Deprivation of Constitutional Rights and Injury," and requires the United States Attorney's Office's response to the Disclosure Statement on or before March 12, 2008 as stated therein.

4.   The Commercial Affidavit and Notice of Formal Complaint along with the Government's Disclosure Statement is a "private" complaint and formal request for documents directly from the United States Attorney's Office, not this Honorable Court, as Court appointed counsel has already advised Defendant Jeffrey Thomas that such information was not in the Court files nor in the Discovery documents he received.

5.   The Government does possess the requested discovery and is fully aware of the averments in the affidavit and does fully understand its obligation to independently provide the requested documents in its possession.

6.   This Court has misconstrued Defendant Jeffrey Thomas' request of the government as a motion to this Honorable Court and Defendant Jeffrey Thomas respectfully requests that this Honorable Court correct the record in case No. 4:03-CR-470 (CEJ) by issuing a new order to correct the record.

WHEREFORE Defendant Jeffrey Thomas pray this Honorable Court grant this motion and Correct the Record in case No. 4:03-CR-470

2

(CEJ).

Respectfully Submitted this 4th day of March, 2008.

Jeffrey Thomas, Without Prejudice
Reg. No. 30695-044
Federal Medical Center -BG Unit
P.O. Box 14500
Lexington, KY 40512-4501

### CERTIFICATE OF SERVICE

Defendant Jeffrey Thomas certifies under penalty of perjury that
he did cause a copy of this motion to be sent to the United States
Attorney's Office in accordance with local court rules.

Jeffrey Thomas                              Date

3



LEXINGTON KY 405

05 MAR 2008 PM 2 L

"LET US DARE TO READ,
THINK, SPEAK,
John Adams, 1
powerofthetru

Thomas Eagleton Court house
United States District Court
Clerk's Office
111 S. Tenth Street, 3rd Floor
St. Louis, MO 63102

Jeffrey Thomas- #30695-044
Federal Medical Center- BG
P.O. Box 14500
Lexington, KY 40512-4501

RECEIVED
BY MAIL

MAR 07 2008

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

63102+1125

Legal Mail