UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY THOMAS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:08-CV-599 (CEJ) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court following remand by the United States Court of Appeals for the Eighth Circuit.  In the judgment reversing an order denying movant's motion to reconsider or to alter or amend judgment, the court of appeals lists specific questions that are to be determined on remand.  *Jeffrey Thomas v. United States of America*, No: 10-3841 (8th Cir. July 12, 2011).  The parties have submitted memoranda addressing the questions, and the case is now ready for determination.

### I.  Background

#### A.  Procedural History

On May 18, 2005, a jury found movant Jeffrey Thomas guilty of four counts of mail fraud (in violation of 18 U.S.C. §§ 1341 and 2), one count of wire fraud (in violation of 18 U.S.C.§§ 1343 and 2), two counts of money laundering (in violation of 18 U.S.C. §§ 1957 and 2), and one count of bank fraud (in violation of 18 U.S.C. §§ 1344 and 2).  He was sentenced on August 12, 2005,  to a 172-month term of imprisonment,  to be followed by a five-year supervised release term.  The judgment also required Thomas to pay restitution in the sum of $1,147,683.71.  The judgment

-1-

was affirmed on appeal.  United States v. Thomas, 451 F.3d 543 (8th Cir. 2006).   The

United States Supreme Court denied Thomas' petition for a writ of certiorari on January

8, 2007.  Thomas v. United States, 549 U.S. 1144, 127 S.Ct. 1010, 166 L.Ed.2d 761

(2007).  It does not appear that Thomas filed a motion to stay the order denying

certiorari or that an order delaying commencement of the denial of certiorari was

entered by the Supreme Court of by a Justice thereof.

### B.  Documents Received by the Court in April 2008

On April 14, 2008, the Court of Court received a letter from Thomas dated April

8, 2008.  In the letter, Thomas requests that he be provided a copy of the superseding

indictment in his criminal case.  Thomas writes that he "need[s] the document ASAP

in preparation of my 28 U.S.C. § 2255 appeal to be filed before 4/21/08."

On April 28, 2008, the Court received and filed Thomas' motion for

postconviction relief under 28 U.S.C. § 2255.   The motion was sent by mail from  the

Federal Medical Center in Lexington, Kentucky.   The motion bore Thomas' signature

and registration number, and contained the following declaration:

> **I declare (or certify, verify, or state) under penalty of perjury that
> the foregoing is true and correct and that this Motion under 28
> U.S.C. § 2255 was placed in the prison mailing system on
> 4/21/2008 (month, date, year).**
>
> **Executed (signed) on  4/21/2008 (date).**

Thomas submitted his § 2255 claims on a form provided to prisoners for that

purpose.   The first part of the form contains standard questions that Thomas

answered.  Included among them were the following:

> **10.   Other than the direct appeals listed above, have you
> previously filed any other motions, petitions, or applications
> concerning this judgment of conviction in any court?**

-2-

**14.  Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?**

Thomas answered "no" to both questions.

The form also asked the following question:

**13.  Is there any ground in this motion that you have not previously presented in some federal court?  If so, which grounds have not been presented, and state your reasons for not presenting them.**

Thomas responded:  **"All grounds raised herein are pursuant to Title 28 USC § 2255 and are raised for the first time on this colaterall [sic] attack.**

### C.  Other Documents

Thomas prepared a motion for relief under 28 U.S.C. § 2255 and a motion for a 120-day extension of time to amend the motion and to file a memorandum in support. Both documents are dated January 3, 2008, and bear Thomas' signature under penalty of perjury and his address at the Federal Medical Center in Lexington, Kentucky.  On each document is a declaration that the document was **"placed in the prison mailing system"** on January 3, 2008.  The motion for extension bears that signature of Vicki Talbert, a notary public for Fayette County, Kentucky.

Neither of the January 3, 2008 documents was received by the Court for filing. The documents were submitted to the Court for the first time on June 13, 2008, as exhibits attached to Thomas' response to the request that his April 2008 § 2255 motion be dismissed as untimely.

The government has submitted a copy of a letter dated February 18, 2008, from Thomas to two assistant U.S. attorneys.  In the letter, Thomas writes, **"As you are probably aware, I am preparing to file a post conviction motion to attack the invalidity of my conviction and sentence."**  The letter contains allegations that

federal officials acted in a way that denied Thomas effective assistance of counsel and that they deliberately concealed evidence that should have been disclosed to him during the criminal proceedings.   Thomas writes in the letter,

> **Because of the seriousness of the issues and the fact that my freedom and liberties have been unconstitutionally taken away from me combined with the fact that you knew or, certainly should have known of the violations cited in my affidavit, I woule like to resolve the issues without having to file motions with the court or seek redress of the deprivations in a § 2255 petition and under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.**

On May 30, 2008, the Clerk of Court received a letter from Thomas dated May 26, 2008.  In the letter, Thomas requests copies of the docket sheet **"reflecting all filings under case numbers 4:03-CR-470 (CEJ) and 4:08-CV-00599-CEJ and any other case number assigned to me from the period of January 5, 2008 to date."**   He also writes, **" I am specifically searching for the status of my January 5, 2008 petition and letter to the Court."**

**II. Questions on Remand**

As directed by the Court of Appeals, the Court makes the following findings in answer to the four questions submitted by on remand:

> **(1) Whether a U.S. Bureau of Prisons employee notarized a "Motion for Leave Requesting a 120 Day Extension of Time" on January 3, 2008.**

In her declaration, Vicki Talbert acknowledges that her signature appears on the last page of the motion for a 120-day extension.  Talbert recalls that she occasionally notarized documents for Thomas, but she has no recollection of notarizing this specific document.   The Court finds that Talbert did notarize the "Motion for Leave Requesting a 120 Day Extension of Time."

> **(2) Whether that motion accompanied or was attached to a "Motion Under § 2255" signed by Jeffrey Thomas and bearing the same date, January 3, 2008.**

The § 2255 motion that bears the date January 3, 2008, refers to an "attached Motion for Leave Requesting a 120 day extension of time." Thus, the Court finds that the January 3, 2008 motion for leave and motion under § 2255 were attached to each other.

> **(3) Whether Jeffrey Thomas then promptly deposited those two motions in the prison's authorized legal mail box, with sufficient postage affixed, for mailing to the district court, in which case the January 3, 2008, § 2255 motion was timely filed under <u>Houston v. Lack</u>, 487 U.S. 266 (1988).**

Thomas states in his affidavit that he deposited his § 2255 motion and the 120-day extension motion in the prison mail system on January 3, 2008. Also, both documents contain Thomas' declarations that he placed them in the prison mail system on that date. After learning of the government's claim that the April 2008 motion was untimely, Thomas sent a letter to the clerk in May 2008, inquiring about the status of his January 2008 motion to vacate. This evidence suggests that Thomas planned to file a motion to vacate in January 2008, and that he believed he had done so.

Of course, the January 2008 documents never reached the Court, and there is objective evidence that leads to the conclusion that this was because the documents were never placed in the prison mail system. This conclusion is based in part on Thomas' statements and omissions in documents he submitted in April 2008. Specifically, the absence of any mention of the January 2008 motion to vacate in any subsequent filings, the denial (in the April 2008 motion to vacate) of the filing and pendency of any previous motions challenging his conviction, and Thomas' reference to his future plan to file a motion to vacate are all inconsistent with the claim that he

-5-

filed a motion to vacate in January 2008.      Additionally, it is significant that Thomas filed a number of documents in connection with the proceedings in this case, but only two are unaccounted for.  What this suggests is that Thomas never experienced any problem with the prison mail system.

So, why would Thomas prepare a motion to vacate in January 2008 but not file it?  Possibly because of inadvertence—*i.e.,* he simply forgot to place the document in the prison mail system—or possibly because he miscalculated the deadline for filing the motion and he believed he had time to fine-tune it before submitting it to the Court.  Whatever the reason, the Court finds that the January 3, 2008 motion to vacate and motion for extension were not placed in the prison mail system for mailing the district court.

> **(4) If the answer to question (3) is in the affirmative, whether the § 2255 motion filed b Jeffrey Thomas on April 28, 2008, should be deemed an amendment of or substitution for the timely January motion.**

Because question (3) is answered in the negative, it is unnecessary to answer question (4).

* * * *

**IT IS HEREBY ORDERED** that the Clerk of Court shall transmit this Memorandum and Order to the United States Court of Appeals for the Eighth Circuit.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2011.

-6-